N. A. ADAMS *et al.* v. DANIEL F. BALDWIN *et al.*

SUMMONS — *Service Out of the State — Affidavit.* Where personal service of a summons is to be made out of the state, under the provisions of § 76 of the civil code, an affidavit must be filed as prescribed by § 73 of the civil code, stating that the plaintiff, with due diligence, is unable to make service of the summons upon the defendant or defendants to be served, and also stating that the case is one of those mentioned in § 72 of the civil code.

*Error from Shawnee District Court.*

THE opinion states the facts.

*Jno. E. Hessin,* for plaintiffs in error:

1. The objection urged at the trial was, that the judgment sought to be introduced which showed that the defendant had

paid the money into court was void, because the service was made by the service of summons upon the defendant without the state; that the summons so issued was void because it was directed to the sheriff of Cass county, Indiana, instead of to the defendants, and that by reason of this defect the whole proceeding was void.

In reply it was urged, and is now urged: First, that the summons was not void, so that all proceedings thereunder are void; second, that a judgment against a garnishee cannot be attacked in a collateral way. Paragraph 4159 of the Gen. Stat. of 1889 (code), provides for service outside of the state. "A judgment rendered in a proceeding *in rem* is conclusive evidence of the rendition, condition and state of facts involved in the litigation not only against the parties and privies, but against all parties who might have any interest therein." Freem. Judg. (3d ed.), 606; *The State v. C. P. Rly. Co.*, 10 Nev. 80; *Woodruff v. Taylor*, 20 Vt. 65; *Mankin v. Chandler*, 2 Brock. (U. S.) 125. See, also, *Thomas v. Southern*, 2 Dana (Ky.), 475; *The Globe*, 2 Blatch. 427; *Bandauer Syndicate v. Nichols*, 4 Miller (La.), 81; Freem. Judg. (3d ed ) 611; *Rose v. Himely*, 4 Cranch, 241; 12 Am. & Eng. Encyc. of Law, p. 1470; *Keybers v. McCombs*, 67 Cal. 395; *Dore v. Dougherty*, 72 id. 232; *Flint v. Noyes*, 27 Kas. 353; *Duncan v. Ware*, 5 Stew. & P. (Ala.) 119; *Dunn v. Howell*, 35 Ala. 144; *Pierce v. Carlton*, 12 Ill. 158; *Brown v. Dudley*, 33 Nev. 511; *Stearns v. Wrisley*, 30 Vt. 661.

Can a judgment be attacked in a collateral way? What is a collateral attack? To impeach a judgment collaterally is to deny its effect as legal and binding in some proceeding not instituted for the very purpose of annulling, correcting or modifying it or of enforcing its execution. Article in 2 *Colorado Law Times*, on "Collateral Impeachment of Judgments:" "A judgment cannot be impeached for irregularities." 67 Cal. 395; *Dore v. Dougherty*, 72 id. 232.

Defects in obtaining jurisdiction not subject to collateral attack. Freem. Judg. (2d ed.), § 126.

The legal effect of personal service outside of the state is

that of service by publication and no more. Therefore the principles of law governing the service of publication ought to be applicable to the service in cases of this kind. See, also, *Pennoyer v. Kneff*, 95 U. S. 714; *Moore v. Chicago, etc.*, 43 Iowa, 385.

2. Could the writ of garnishment issue in the case of Adams against Daniel P. Baldwin *et al.* in the district court of Riley county, Kansas, against the firm of Adams & Inskeep, where the plaintiff, N. A. Adams, was a member of the firm of Adams & Inskeep? Paragraph 4283 of the General Statutes of 1889 provides that —

"Any creditor shall be entitled to proceed by garnishment in the district court of the proper county against any person (excepting a municipal corporation) who shall be indebted to or have any property, real or personal, in his possession or under his control belonging to such creditor's debtor, . . . in the manner hereinafter described."

The language of the statute is the broadest. It provides that any creditor shall be entitled to proceed by garnishment against any person. This would undoubtedly include a copartnership, irrespective of whether the plaintiff was a member or not. See *Boyd v. Boyles*, 4 Humph. (Tenn.) 386; *Grancen v. Bruchey*, 12 Martin (La.), 342; *Lyman v. Wood*, 42 Vt. 113; *Coble v. Nonemaker*, 78 Pa. St. 501; *Norton v. Norton*, 43 Ohio St. 509.

*A. Bergen*, for defendants in error:

1. The only proper inference from §§ 73 and 76 of the civil code is, that personal service of summons out of the state can be made only in a case where such facts exist and such affidavit has been made as are essential to a valid service by publication. In *Case v. Bartholow*, 21 Kas. 306, 307, it is assumed by the court in argument that an affidavit, such as is required for publication, is necessary before there can be personal service of summons out of the state.

2. The statute requires more than an affidavit of the non-residence of the defendant. Affidavit that service of sum-

mons cannot be made within the state on the defendant is absolutely essential to the jurisdiction of the court, and without such affidavit all proceedings, including judgment by default, are not merely voidable, but absolutely void. *Shields v. Miller*, 9 Kas. 390, 398. This decision has since been repeatedly cited and approved by the court.

3. There was no affidavit "showing that the case is one of those mentioned in the preceding section." "The affidavit is fatally defective, and therefore the attempted service by publication a nullity." *Harris v. Claflin*, 36 Kas. 543.

4. The objection that an alleged judgment is without jurisdiction and void may be raised collaterally in another suit. *Pray v. Jenkins*, 47 Kas. 603; *Mastin v. Gray*, 19 id. 458; *Harris v. Claflin*, 36 id. 543; *Repine v. McPherson*, 2 id. 340.

5. The summons itself failed to comply with the statute, and was void. *Howell v. Manglesdorf*, 33 Kas. 194.

6. The statute requires the summons to be directed to the defendants to be served. Instead of this, it was directed to the sheriff of another state, and commanded him to serve them.

7. The statute imperatively requires that before service under § 76 of the code shall be valid it must be made by the sheriff of the county in which such service may be made, and that the service must be proved by the affidavit of such sheriff. The affidavit of the sheriff of Cass county does not show where he made the service — whether it was made in Kansas or Indiana, or Cass county, or some other county. The unsworn certificate elsewhere appearing says that the summons was served in Cass county, but this certificate cannot be considered.

Under the spirit of the decision of the court in *Flint v. Noyes*, 27 Kas. 353, requiring that this method of service, if attempted, should strictly pursue the statute, the attempted service in this case is certainly invalid, and did not confer jurisdiction upon the district court of Riley county.

8. In this state, the contracts of partners are several as well as joint. Gen. Stat. of 1889, ¶ 1101.

N. A. Adams could have brought in his claim of a set-off in this suit in Shawnee county against the plaintiffs there. 2 Wade, Attach., §§ 495, 504.

He garnished himself in his own suit. This did not confer jurisdiction. A garnishee must be a "third person" or "another person." Drake, Attach., § 465*a; Beach v. Fairbanks*, 52 Conn. 167; *Blaisdell v. Ladd*, 14 N. H. 129; *Hoag v. Hoag*, 55 id. 172; *Belknap v. Gibbons*, 13 Metc. 471; Wade, Attach., §§ 457, 495, 504.

9. This attempted and pretended garnishment was of a debt then in suit in another court. If N. A. Adams, after being sued in Shawnee county, had been served with garnishment at the suit of a stranger or of one whom he had induced to garnish him, in another county, he might have answered that he had been previously sued for the debt in another county, and thus have protected himself as garnishee. Not having done this, he cannot effectually set up as a defense to this suit the order of the district court of Riley county and the reluctant payment, under its drastic compulsion, of the money by N. A. Adams, garnishee, to N. A. Adams, plaintiff. *Wallace v. McConnell*, 13 Pet. 136.

The decision in *Donald v. Carney*, 8 Kas. 20, does not conflict with our proposition.

10. If the garnishment of the plaintiffs in error was originally valid, and if thereby N. A. Adams obtained a lien upon the debt due from Adams & Inskeep to the defendants in error, such lien was lost by reason of the failure to file the affidavit for publication or foreign service within 60 days from the filing of the petition. *Jones v. Warnick*, 30 Pac. Rep. 115, decided in June, 1892.

11. All claims for lien by reason of the garnishment are terminated by the judgment in the action, and are merged in the judgment. 2 Wade, Attach., §§ 399, 504; *Lynch v. Crary*, 52 N. Y. 181; *Bagley v. Ward*, 37 Cal. 121.

12. A garnishee is not protected by the judgment, where the court had no jurisdiction of the defendant. 21 Am. Rep.

66; 2 Wade, Attach. § 399; *Laidlaw v. Morrow*, 44 Mich. 547; *Noble v. Thompson Oil Co.*, 79 Pa. St. 354.

The opinion of the court was delivered by

HORTON, C. J.: On the 7th day of July, 1888, this action was commenced in the district court of Shawnee county by Daniel P. Baldwin *et al.*, to recover upon a written contract the sum of $480.20 and interest, from N. A. Adams and D. G. Inskeep, as partners under the name of Adams & Inskeep. Upon the trial, it was admitted that $478.47 was due the plaintiffs, if they were not concluded by the garnishment proceedings commenced in the district court of Riley county, in this state, on the 12th of July, 1888, in the case wherein N. A. Adams filed his petition against Daniel P. Baldwin *et al.*, to recover $1,800. No service of summons was made in this state upon either of the defendants in that case. The service was by the sheriff of Cass county, Indiana. There was no appearance by the defendants. In that action, Adams recovered judgment for $1,800, and, in obedience to the order of the court, Adams & Inskeep, garnishees, answered that they were indebted to Daniel P. Baldwin *et al.* in the sum of $478.87. The court directed that this sum be paid into court, which was accordingly done, and the garnishees discharged. At the trial of this case in the district court of Shawnee county, defendants below offered in evidence the record of the judgment rendered in the district court of Riley county. It was ruled out, upon the ground that the court rendering the judgment had no jurisdiction, and therefore that it was void. Complaint is made of this ruling.

Section 76 of the civil code provides:

"In all cases where service may be made by publication, personal service of summons may be made out of the state by the sheriff of the county in which such service may be made."

To obtain service by publication, an affidavit must be filed stating that the plaintiff, with due diligence, is unable to make service of the summons upon the defendant or defend-

ants to be served, and showing that the case is one of those mentioned in § 72 of the code. (Civil Code, § 72.) In the action commenced in Riley county, there was no affidavit in accordance with the provisions of § 73 of the civil code. Personal service of summons cannot be made out of the state excepting in cases where service may be made by publication. Service cannot be made by publication without the filing of an affidavit as prescribed by § 73 of the code. As no such affidavit was filed, no personal service of summons could be made, and therefore the district court of Riley county acted without jurisdiction, and the ruling of the trial court must be sustained. (*Shields v. Miller,* 9 Kas. 390; *Case v. Bartholow,* 21 id. 306; *Harris v. Claflin,* 36 id. 543.)

It is earnestly argued that, as personal service of the summons was made out of the state upon the defendants, in the action in Riley county, the affidavit prescribed by § 73, showing the defendants could not be served in Kansas, would have accomplished no useful purpose, and therefore was unnecessary and should not be required. If, however, an affidavit embodying the statements required for service by publication is not necessary, when personal service is made out of the state, then the provisions of § 73 of the code have no application in case of service out of the state. If this be so, no affidavit is necessary to be filed, where service out of the state is sought to be made, showing the case is one of those mentioned in § 72 of the civil code.

It is conceded that the effect of a judgment upon personal service out of the state would be identical with that of a judgment rendered upon service by publication, so far as applying to the property within the state is concerned. No personal execution could be issued upon such a judgment in either case. Therefore it seems to us that if personal service is to be made out of the state, there ought to be on file in the trial court some showing, by affidavit or otherwise, that the case is one of those mentioned in § 72. Unless it is such a case, the court has no jurisdiction if personal service is made out of the state. The records of the court should show jurisdiction, and there-

fore the necessity of an affidavit on file, before personal service out of the state is attempted, showing that the case is one of those mentioned in § 72. If this much is necessary to be shown where personal service out of the state is sought to be made, then § 73 of the civil code has some application. If any part of § 73 is applicable, when service is made out of the state, then all of its provisions must be followed.

Before the service in the Riley county case was had in Indiana, the affidavit prescribed in § 73 ought to have been made and filed.

The judgment of the district court will be affirmed.

All the Justices concurring.