# FIRST STATE BANK OF ADDINGTON v. LATIMER.

No. 4330.   Opinion Filed June 8, 1915.

(149 Pac. 1099.)

1. PROCESS—Acquiring Jurisdiction of Nonresident—Compliance with Statute. All exceptional methods of obtaining jurisdiction over a person not found within th\` state must be exercised in the way indicated by the statute.

2. PROCESS—Personal Service on Nonresident—Compliance with Statute. In order that legal personal service may be had under section 5616. Comp. Laws 1909, upon a nonresident of the state, an affidavit must be filed that the case is one in which service of summons may be made by publication. The summons must be issued by the clerk of the court, under the seal of the court, and be directed to the person to be served, notifying him, and requiring him to answer the petition filed by plaintiff within 60 days from the day of service of summons. Such service must be made by the sheriff of the county where service is made, and proof of such service made by affidavit of the person making the service, before a clerk of a court of record, or other officer holding the seal thereof, or before some commissioner appointed by the Governor of the state. under an act providing for the appointment of commissioners to take depositions.

3. GARNISHMENT—Property Subject—Negotiable Paper. No judgment can be rendered upon the liability of a garnishee by reason of his having drawn, accepted, made, or guaranteed any negotiable instrument.

4. JUDGMENT—Void Judgment—Collateral Attack. A judgment rendered by a court which has not acquired jurisdiction of the person or the subject-matter of the action is void, and subject to collateral attack.

Statement of the Case.

5.   GARNISHMENT—Action Against Garnishee—Defense—Payment Into Court. A garnishee who pays into court money by an order of a court which has not acquired jurisdiction of the defendant in the action, or of the subject-matter of the suit, cannot plead such order and payment as a defense to an action brought by such defendant to recover an indebtedness due such defendant by such garnishee.

6.   TRIAL—Demurrer to Evidence—Motion to Direct Verdict. A demurrer to the evidence of plaintiff, or a motion to direct a verdict against plaintiff, where the uncontradicted evidence shows beyond question that the plaintiff is entitled to recover, as claimed in his petition, is frivolous.

7.   APPEAL AND ERROR—Presentation for Review — Brief—Instructions. In order to have this court consider assignments of error, based upon the giving or refusal to give instructions to the jury, plaintiff in error must set out in his brief in totidem verbis the instructions complained of.

(Syllabus by Collier, C.)

*Error from District Court, Stephens County;*

*J. T. Johnson, Judge.*

Action by Charles A. Latimer against the First State Bank of Addington. Judgment for plaintiff, and defendant brings error. Affirmed.

This is an action brought by Charles A. Latimer against the First State Bank of Addington, in the district court of Jefferson county, and by consent transferred to the district court of Stephens county, upon a written instrument in the following words and figures:

"ADDINGTON, OKLA., Dec. 14, 1908.

"The First State Bank. Pay to R. D. Barlow or bearer, eight hundred dollars.
                          "J. S. PRICE, *President.*"

It is averred in the petition that said instrument of writing was a negotiable cashier's check or draft, that the plaintiff owned said check, having purchased same, paying full value therefor, and that the same had not been

paid, and a copy of said paper was attached as an exhibit to his petition.

Defendant answered, and denied each and every allegation in the petition, and denied that plaintiff was the owner of the instrument sued on, and that he became the purchaser thereof, paying full value therefor, and for a further answer to said petition averred that said R. D. Barlow had been sued in the county court of Jefferson county, Okla., by H. A. Hall & Co., and said defendant garnisheed; that said defendant had answered said summons in garnishment, stating that other parties were claiming said money, and prayed that said parties, giving their names and residences, be required to interplead in that case in lieu of this defendant, and praying to be permitted to dispose of said funds, and "that the said Barlow deposited in said defendant bank the sum of $800, in evidence of which the defendant issued the instrument sued on, that said bank and J. S. Price owed R. D. Barlow nothing, but that $800 to redeem the above-mentioned check still remained in the First State Bank of Addington for that purpose, or subject to the order of the court having proper jurisdiction," and praying that said parties be permitted to interplead in lieu of this defendant, and asking that defendant be permitted to dispose of said funds as required by the court; that the court made an order requiring this defendant to pay into court $800, and requiring said claimants to be brought into court, and discharging this defendant from all further liability therein; that this defendant complied with the order of said court by depositing said sum in the hands of the county court; that W. E. Richardson appeared as attorney for plaintiff in that case for said plaintiff Latimer and the First National Bank of Belleville, Tex., and filed a demurrer

in their behalf in the name of said bank; that said court overruled said demurrer, and said plaintiff refused to plead further; that said court rendered finad judgment against Barlow and this defendant, as garnishee; that said plaintiff had had his day in court, and is barred from bringing this action; that said judgment of the county court has become final, and that this defendant is released, and expressly pleads said judgment in said county court in bar of this action.

Plaintiff replied to said amended answer and expressly denied that the county court of Jefferson county ever obtained jurisdiction of the person of said R. D. Barlow in the suit of H. A. Hall & Co. against R. D. Barlow, and denied that said court ever had any jurisdiction to render any judgment in said cause, and also that W. E. Richardson ever appeared in said county court as attorney for plaintiff, or that said Richardson ever had any authority to appear for plaintiff in said county court in said case, and alleged that the judgment pleaded in bar to plaintiff's right of recovery is void, because said court never acquired jurisdiction of the said R. D. Barlow.

Upon a trial of the cause plaintiff introduced in evidence said instrument sued upon, and testified that he owned the same, that he purchased the same for full value, and that he never authorized said W. E. Richardson to act as his attorney in the case of H. A. Hall & Co. against R. D. Barlow in the county court of Jefferson county, and that said cashier's check or draft had never been paid, and rested his case.

Defendant demurred to the evidence, which demurrer was overruled by the court; to which action of

the court the defendant duly excepted. Thereupon defendant offered in evidence the proceedings in the county court of Jefferson county in the case of H. A. Hall & Co. against R. D. Barlow, from which it appears that at the time of filing said suit said Barlow was in the state of Texas, and there was caused to be issued, without the affidavit required by the laws of this state to authorize such issue, a summons, directed to the sheriff of Jefferson county, Okla.; that said summons was served by a deputy sheriff of Tarrant county, Tex., upon said Barlow, in the jail of Tarrant county, Tex.; that proof of such service was made before W. M. Rea, notary public of said Tarrant county; that concurrently with the issuance of said summons said county court of Jefferson county also issued a summons in garnishment to the First State Bank of Addington and J. S. Price, a copy of which was served upon said Barlow in Texas; that proof of service was made by said Rea; that summons in garnishment was also served upon said garnishees; that the garnishees answered, stating that a few days prior to the issuance of the writ of garnishment said Barlow bought a cashier's check for $800 in the First State Bank of Addington, signed by its president; that said bank and J. S. Price owed R. D. Barlow nothing; that the $800 to redeem the above-mentioned check still remained in said bank for that purpose, or subject to the order of the court having proper jurisdiction; that after the service of said writ of garnishment the Belleville National Bank of Texas and others had presented said cashier's check. and were claiming and demanding payment of said $800, which demand had been refused, pending litigation therein; that said garnishees asked that said parties claiming said money be required to interplead in that case, which

was done; that said $800, in accord with request of said First State Bank of Addington, and in compliance with an order of said county court, had been paid into court, and said garnishees discharged; that judgment was rendered against the defendant, and said money deposited in court condemned to the payment of said judgment. The defendant did not offer any evidence as to the ownership of the check or draft sued upon. There was also much other evidence in the case which it is not thought necessary to state for a proper review of this case.

The court, by its instructions, withdrew from consideration of the jury the record of the proceedings of said case of H. A. Hall & Co. against R. D. Barlow, the First State Bank of Addington, and J. S. Price, garnishees in the Jefferson county court, and submitted to the jury only the question of the ownership of the check sued upon; to which defendant duly excepted. The jury returned a verdict in favor of plaintiff for the sum of $952.34, upon which judgment was rendered. Within the time fixed by law, the defendant moved the court to set aside the verdict and judgment rendered, and to grant a new trial, which motion was overruled, and defendant duly excepted. From said judgment, this appeal is prosecuted.

*J. B. Wilkinson,* for plaintiff in error.

*E. E. Morris, Robert Burns,* and *O. M. Morris,* for defendant in error.

Opinion by COLLIER, C. (after stating the facts as above). Defendant assigns the following errors:

"(1) The court erred in overruling defendant's motion for new trial, which was excepted to.

"(2) The court erred in refusing to sustain defendant's demurrer to the evidence of plaintiff, which was excepted to.

"(3) The court erred in refusing to sustain defendant's motion to direct a verdict for the defendant, which was excepted to.

"(4) For errors of law occurring during the trial and excepted to at the time.

"(5) The verdict and judgment are not sustained by the evidence and are contrary to law.

"(6) The court erred in giving his charge to the jury, and especially in giving the second and third paragraphs of said charge, which were excepted to at the time.

"(7) The court erred in refusing to give the defendant's first, second, third, and fourth requested charge, which was excepted to at the time.

"(8) The court erred in refusing to submit defendant's second defense, pleading former adjudication, which was excepted to.

"(9) The verdict of the jury is excessive and contrary to law."

Assignments numbered 1, 4, 5, 6, 7 and 9, respectively, are not assigned in compliance with rule 25 of this court, and hence will not be considered. The second and third assignments, under the uncontradicted evidence in this case, are frivolous and will be so regarded. It consequently follows that the only assignment of error which will be considered is:

"That the court erred in refusing to submit defendant's defense, pleading former adjudication."

In order to secure legal service of the summons in said case of H. A. Hall & Co. against R. D. Barlow, who was at the time in the state of Texas, it was necessary that an affidavit be filed to show that service could be made by publication; that the summons be issued by the clerk of said court under the seal of the court, and

directed to defendant, notifying him that he had been sued by the plaintiff, and requiring him to answer the petition within 60 days from the date of service of said summons; that the service of summons be made by the sheriff of the county in which such service was made, and proof of such service made by affidavit of the person making the same before a clerk of a court of record, or an officer holding the seal thereof, or before a commissioner appointed by the Governor of the state, under an act providing for the appointment of commissioners to take depositions (Comp. Laws 1909, sec. 5616).

In the said case of Hall & Co. against Barlow no affidavit was made showing that service in said case could be made by publication. The summons issued was not directed to the defendant (Barlow), but to the sheriff of Jefferson county, Okla., and did not notify Barlow that he was required to answer the petition filed in said case within 60 days after such service of summons upon him, but required him to answer the same within 19 days. The service was not made upon Barlow by the sheriff of the county in which such service was made, but was made by his deputy; and proof of service of such summons was not made by affidavit taken before a clerk of a court of record or other officer holding the seal thereof, or before some commissioner appointed by the Governor, under an act providing for the appointment of commissioners to take depositions. The law of this state authorizing service of summons upon nonresident defendants was adopted by us from the state of Kansas, and prior to its adoption was construed by the Supreme Court of Kansas, and this construction must be regarded as a part of said law, and is controlling and binding upon this court.

In *Adams et al. v. Baldwin et al.,* 49 Kan. 781, 31 Pac. 681, it is said:

"To obtain service by publication an affidavit must be filed stating that the plaintiff, with due diligence, is unable to make service of the summons upon the defendant or defendants to be served. * * * In the action commenced in Riley county there was no affidavit in accordance with the provisions of section 73 of the Civil Code. Personal service of summons cannot be made out of the state, excepting in cases where service may be made by publication. Service cannot be made by publication without the filing of an affidavit as prescribed by section 73 of the Code. As no such affidavit was filed, no personal service of summons could be made; and therefore the district court of Riley county acted without jurisdiction, and the ruling of the trial court must be sustained. *Shields v. Miller,* 9 Kan. 390; *Case v. Bartholomew,* 21 Kan. 306; *Harris v. Claflin,* 36 Kan. 543 [13 Pac. 830]."

In *Flint v. Noyes,* 27 Kan. 351, it is said:

" 'In all cases where service may be made by publication, personal service of summons may be made out of the state by the sheriff of the county in which such service may be made.' In making the service of the summons out of the state, a sheriff derives his authority from this statute, not from the state laws where he resides; and under this statute it seems to us that the service of the summons must be made by the sheriff in person, and that the service cannot be made by a deputy or any other person acting as a substitute for him. The statute authorizes the summons to be served out of the state by a sheriff, and names no other person. *Morris v. Patchin,* 24 N. Y. 394 [82 Am. Dec. 311]; *Railway Co. v. Cutter,* 19 Kan. 83."

"All exceptional methods of obtaining jurisdiction over persons * * * not found within the state must be confined to the cases and exercised in the way precisely indicated by the statute." (Black on Judgments [2d Ed.] sec. 232, and authorities there cited.)

It therefore follows that the attempted service of summons upon said Barlow and the return thereof, as appears from the face of the record of that case, introduced in evidence, were absolutely void, and the county court of Jefferson county, said Barlow not making an appearance in said case, never acquired jurisdiction of the person of said defendant. It is an inflexible rule that any judgment rendered by the court upon a matter not within its jurisdiction is null and void. *Morse v. Presby*, 25 N. H. 299; *Lyles v. Bolles*, 8 S. C. 258; *Ponce v. Underwood*, 55 Ga. 601; *Webb v. Carr*, 78 Ind. 455.

In order for the judgment to be valid the court must have jurisdiction of the person, and it is a familiar and universal rule that a judgment rendered by a court having no jurisdiction of either party or the subject-matter is void and a mere nullity, and will be so held and treated whenever and for whatever purpose it is sought to be used or relied on as a valid judgment. 23 Cyc. 681 and 1074, and authorities there cited.

The check or draft sued on in the case of H. A. Hall & Co. against Barlow is a negotiable paper, and could not be made the subject of garnishment. As defined by Comp. Laws 1909, secs. 4626, 4627, a negotiable instrument is a written promise or request for the payment of a certain sum of money to order or bearer, and must be made payable in money only, and without any condition not certain of fulfillment. *Citizens' Bank of Columbus, Ohio, v. Landis*, 37 Okla. 530, 132 Pac. 1101; *Farmers' Loan & Trust Co. v. McCoy & Spivey Bros.*, 32 Okla. 277, 122 Pac. 125, 40 L. R. A. (N. S.) 177.

Section 5725, Comp. Laws 1909, provides:

"No judgment shall be rendered upon a liability of a

garnishee arising * * * by reason of his having drawn, accepted, made, indorsed or guaranteed any negotiable bill, draft, note, or other security."

"A judgment rendered by a court having no jurisdiction, either of the parties or the subject-matter, is a mere nullity, and will be so held and treated whenever and for whatever purposes it is sought to be used or relied on as a valid judgment" (23 Cyc. 681).

Where a judgment is void for want of jurisdiction, whether of the subject-matter or of the person of the defendant, it is of no effect whatever, as an estoppel does not merge the cause of action, and constitutes no bar to further litigation upon the same cause of action. 23 Cyc. 1124.

It follows that said county court never acquired any jurisdiction of the subject-matter of said action of Hall & Co. against Barlow. Since it is shown that said county court acquired no jurisdiction either of the person of said Barlow or the subject-matter of said suit, the judgment in said action against Barlow is void; and the judgment against defendant being void, the order of the county court requiring the garnishee, the defendant, to pay the said sum of $800 into court, was illegal and void, and such order of payment and the payment of said money into court do not afford defendant herein a shadow of defense against this action, and therefore the court did not err, under the evidence, in refusing to submit to the jury defendant's defense pleading former adjudication.

The court having committed no error in the trial of this cause, the judgment rendered should be affirmed.

By the Court: It is so ordered.