WALKER v. CHATTERTON et al.
(No. 1748.)

(Court of Civil Appeals of Texas. Texarkana. March 6, 1917. Rehearing Denied March 8, 1917.)

1. JUDGMENT ⊚⟳447(1)—EQUITABLE RELIEF—GROUNDS—DEFENSE TO ACTION.

A suit to cancel a judgment, whether presented as an independent action or in the form of a cross-bill, is an appeal to the equitable powers of the court, and when the judgment attacked is valid on its face, the party seeking its annulment must show, not only want of service or appearance, but that he has a good defense.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 849.]

2. JUDGMENT ⊚⟳871—EQUITABLE RELIEF — EVIDENCE.

In an action to revive a judgment, where defendant offered to prove want of any service in the original suit or of appearance, and that he had a partial defense, but such evidence was not such as required a different judgment on the merits, the refusal of the trial court, after hearing the evidence, to consider it, on the ground that it was inadmissible for any purpose as a defense and that the judgment was valid and conclusive, was not error.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1610, 1612.]

Appeal from District Court, Harrison County; H. T. Lyttleton, Judge.

Action by G. A. Chatterton and others against L. E. Walker. From a judgment for plaintiffs, defendant appeals. Affirmed.

. Y. D. Harrison, of Marshall, for appellant.
F. H. Prendergast, of Marshall, for appellees. .

HODGES, J. This suit was instituted by
the appellees against the appellant to revive
a judgment. The appellant pleaded, among
other defenses, that the judgment sought to
be revived had been rendered against him
without any notice, service of process or ap-
pearance by him, and for that reason was
void. He also pleaded payment in part of
the debt upon which the judgment was found-
ed. In a trial before the court without a
jury judgment was rendered in favor of the
plaintiff below, reviving the judgment and
allowing a credit of $3,300 as payment made
after the rendition of the original judgment.
The court filed findings and conclusions which
furnish a fair statement of the material
facts and the issues involved, which are sub-
stantially as follows: On August 12, 1904,
W. A. Chatterton, under whom the appellees
claim, recovered a judgment in the district
court of Harrison county, Tex., in cause No.
11063, in which there were three defendants,
the Texas Southern Railway Company, the
Delaware Western Construction Company,
and the appellant, L. E. Walker. The basis
of that suit was a note executed by the Del-
aware Western Construction Company in the
sum of $15,000, bearing 10 per cent. interest
per annum. Judgment was rendered in fa-
vor of the plaintiff in that suit against the
Delaware Western Construction Company
and L. E. Walker in the sum of $16,550, and
against the Texas Southern Railway Com-
pany for the sum of $31,500. The judgment
contained the following recital:

"This day came on to be heard the above
cause, and the plaintiff appeared by attorney
and the defendants appeared by attorney, and
the matters of law and of fact were submitted
to the court without a jury, and the court heard
the pleadings and evidence and finds for plain-
tiff," etc.

In September, 1904, $3,300 had been paid
on that judgment. Since that time the Tex-
as Southern Railway Company has become
insolvent; all of its property has been sold
and its charter forfeited. The Delaware
Western Construction Company is also in-
solvent, has ceased to do business, and its
charter has been forfeited. No execution was
ever issued on that judgment, and at the
time this suit was instituted it was dormant.
W. A. Chatterton, the original plaintiff, died
in April, 1910, leaving as his only heirs and
representatives the plaintiffs in this suit. L.
E. Walker, the appellant, was president of
the Delaware Western Construction Company
and of the Texas Southern Railway Com-
pany, and upon him was served the process
in cause No. 11063 against those two com-
panies. After the rendition of the judgment
in favor of Chatterton in that suit the Tex-
as Southern Railway Company was placed in
the hands of a receiver, and Chatterton, the
owner of that judgment, became one of the
interveners in the receivership proceedings.
The appellant, Walker, assisted the attor-

neys for the receiver in an effort to set aside
that judgment, and was connected in differ-
ent ways with other proceedings involved in
the receivership. The court also finds that
Walker knew of the pendency of the suit
against the Texas Southern Railway Com-
pany, the Delaware Western Construction
Company and himself as early as August 25,
1904, but that he did not then know that
judgment had been rendered against him in-
dividually.

[1] The record contains a bill of exception,
in which it is stated that the appellant offer-
ed to prove the want of any service upon
Walker in the original suit and the fact that
he had made no appearance and had not au-
thorized any person to appear for him. He
also offered evidence, some of which tended
to show a partial defense to the judgment
rendered against the appellant. It appears
from the record that the court, after hear-
ing the evidence, refused to consider it, up-
on the ground that it was inadmissible for
any purpose as a defense in this suit, hold-
ing that the judgment was valid and con-
clusive. It is contended that this action of
the court was error, and several assignments
based upon that proposition are presented in
the appellant's brief.

The appellant insists that his answer
was not merely a defense to the suit to re-
vive the original judgment, but that it was
in the nature of a bill of review seeking to
set aside the original judgment upon the
ground that the latter was void for lack of
jurisdiction over the person of the appellant
at the time it was rendered. Conceding that
this contention is correct, that the evidence
tending to show that no citation had ever
been served upon the appellant, and that he
had not appeared in the original suit, was
material and admissible, the propriety of the
court's refusing to consider such testimony
must depend upon other conditions. A suit
to cancel a judgment, whether prosecuted as
an independent action or in the form of a
cross-bill, is an appeal to the equitable pow-
ers of the court. When the record discloses
that the judgment attacked is valid upon its
face it devolves upon the party seeking its
annulment to show, not only no service of
citation or appearance, but that he has a
good defense to the suit. House et al. v.
Collins, 42 Tex. 486; August Kern Barber
Supply Co. v. Freeze, 96 Tex. 516, 74 S. W.
304; Masterson v. Ashcom, 54 Tex. 324.

[2] The trial court heard all of the evi-
dence offered, and passed upon its sufficien-
cy as a defense or as grounds for setting
aside the original judgment. That evidence
is not such as required the rendition of a
different judgment upon the merits. It fol-
lows therefore that, the facts being such as
to warrant a finding of an insufficient de-
fense to the original suit, we must assume
that the trial court was justified in render-
ing the judgment from which this appeal is
prosecuted, and it is accordingly affirmed.