**WILSON et al. v. GRANT.**

No. 9465—Opinion Filed Jan. 27, 1920.

Rehearing Denied Sept. 7, 1920.

(Syllabus by the Court.)

**Process—Requisites of Summons—Nonresident Defendant.**

The requirement of section 4727 of the Revised Laws of 1910 that a summons for a nonresident defendant be addressed to him is not satisfied by it being addressed to the sheriff of the county in which he resides and there served on him.

Error from District Court, Tulsa County; Conn Linn, Judge.

Action by Louisa Grant against E. G. Wilson and others. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

E. G. Wilson and F. W. Casner, for plaintiffs in error.

William B. Moore and West, Sherman, Davidson & Moore, for defendant in error.

HIGGINS, J. In this case personal service was had upon nonresident defendants without the state of Oklahoma. The summons issued was directed to the sheriff of the county in which the nonresident defendants resided, commanding him to notify them of the suit. Section 4727 of the Revised Laws of Oklahoma 1910 required the summons issued to be directed to the defendants. The summons was served on them without the state of Oklahoma by the sheriff of their county, and they specially appeared and moved to quash the summons for the reason that it was directed to the sheriff and not to them.

In the action of First State Bank of Addington v. Latimer, 48 Okla. 104, 149 Pac. 1099, a judgment therein was relied upon wherein personal service on the judgment debtor was had without the state. There was no affidavit filed prior to the issuance of the summons. It was directed, as in this case, to the sheriff and not to the defendant. and the service was made by a deputy sheriff and not by the sheriff as the law at that time required. This court held that the judgment was void on account of these irregularities.

Texas appears to have a statute similar to ours, requiring that a summons to be served out of the state must be directed to the defendant to be served. In Porter v. Hill County (Tex.) 33 S. W. 383, the summons was issued, as in this case, commanding the sheriff of the county in which the nonresident defendant resided to notify him of the suit. The court held that:

"The requirement of Revised Statutes, article 1230, that citation for a nonresident defendant be addressed to him, is not satisfied by its being addressed to the sheriff and served by him."

In Romig v. Gilbert, 10 Okla. 186, 62 Pac. 805, it is held:

"Where a party seeks to bring a defendant into court upon service by publication under the Code, he must strictly comply with the requirements of the statute, and unless this be done the judgment will be void for want of jurisdiction of the person of the defendant."

In 32 Cyc. 483:

"The means and methods provided by statute for obtaining service by publication

must be strictly followed, since the whole proceeding is in derogation of the common law."

In view of the holding in First State Bank of Addington v. Latimer, supra, and the universal holding that the statute must be strictly followed, we are forced to the conclusion that in this case the summons served on the nonresident defendants and the judgment rendered thereon were void. The summons being void, then an attempt to breathe life therein by amendment would be futile. There are many other assignments of error, but, in view of the fact that we hold that the court did not have jurisdiction of the nonresident defendants, a discussion of the other assignment of error will not be necessary. In this case personal service was had upon E. G. Wilson, the first grantee in the deed, and also a tenant on the farm. The first grantee had conveyed his interest to the nonresident defenuants. We believe the judgment should be reversed as to all, and it is hereby reversed and remanded as to all the defendants, and the trial court is directed to set aside its order overruling the motion to quash the summons on the nonresident defendants and to sustain the motion and to set aside the judgment rendered.

Reversed and remanded.

All the Justices concur.