## WALKER v. CHATTERTON et al.
### (No. 131–3022.)

(Commission of Appeals of Texas, Section A. June 23, 1920.)

**1. Judgment ⟨key⟩906—Defense to original cause not available in action on judgment.**

In an action on a judgment, the original cause of action is merged in the judgment, and, unless void, it is conclusive; the principles of estoppel attached to final adjudications being as operative and conclusive in an action on judgment as in other cases, so that no defense can be urged which existed anterior to the judgment, the effect of which would be to render the judgment voidable, or erroneous, but not void.

**2. Judgment ⟨key⟩519—Want of jurisdiction over person of defendant may be set up in action on judgment as direct attack.**

Although a judgment rendered against a surety recites appearance by the surety, in an action on such judgment want of jurisdiction over the person of the surety may be set up by him; such defense not constituting a collateral, but a direct, attack upon the judgment.

**3. Judgment ⟨key⟩906—In action on judgment, defense may attack validity of judgment.**

Since equitable defenses may be interposed to actions at law, a defendant in an action on a judgment may interpose by way of defense facts which would require a vacation of the judgment for want of jurisdiction, if he had resorted to a dependent action for such purpose, and such defense should be given the same force and effect as a cross-bill.

**4. Judgment ⟨key⟩884—Intervention by judgment creditor in receivership proceedings held not to work merger of judgments.**

Where a judgment was rendered against a surety on a note, and also against a railroad company on its notes given as collateral to secure the note, and the railroad company subsequently became insolvent and went into the hands of receivers, an intervention by the judgment creditor in the receivership proceedings did not affect the status of the judgment on the note, and did not result in a merger of the two suits or judgments.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Action by G. A. Chatterton and others against L. E. Walker. Judgment for plaintiffs was affirmed by the Court of Civil Appeals (192 S. W. 1085), and defendant brings error. Reversed and remanded, as recommended by the Commission of Appeals.

Y. D. Harrison, of Marshall, for plaintiff in error.

F. H. Prendergast, of Marshall, for defendants in error.

SONFIELD, P. J. On August 12, 1904, in cause No. 11063, W. A. Chatterton v. Delaware Western Construction Company

et al., in the district court of Harrison county, W. A. Chatterton, plaintiff, recovered judgment against defendants Delaware Western Construction Company, L. E. Walker, and Texas Southern Railway Company. The judgment against the two first-named defendants was based upon a note executed by the construction company and guaranteed by Walker; that against the railway company was upon certain construction notes issued by it to the Delaware Western Construction Company, and by that company delivered to Chatterton as collateral to secure the above-mentioned note.

Shortly after. the rendition of this judgment, a proceeding was instituted in the same court, being cause No. 11076, United States & Mexico Trust Company v. Texas Southern Railway Company, and a receiver of the property of the railway company was appointed. Chatterton intervened in this proceeding, setting up the judgment recovered against the railway company in cause No. 11063, and in the final decree of foreclosure was awarded, in lieu of the construction notes, 15 of the bonds of the railway company; the decree providing that the judgment in cause No. 11063 as against the railway company should be set aside, and the construction notes canceled. Subsequent to the rendition of the judgment in cause No. 11063, both the railway and construction companies became insolvent, ceased to do business, and their respective charters were forfeited. No execution issued upon the judgment, and it was dormant at the time of the institution of this suit.

This is an action of debt on the judgment in cause No. 11063 by defendants in error, the heirs and representatives of W. A. Chatterton, against plaintiff in error, L. E. Walker, one of the defendants in that cause. Walker pleaded the invalidity of the judgment as to him, on the ground that he had never been served with process, and made no appearance in the case, and prayed its cancellation. He alleged partial payment of the note which was the basis of the judgment, and an agreement by Chatterton to accept in further payment thereof certain trust certificates; that Chatterton was entitled to certain bonds of the railway company as collateral to secure the note, such collateral, at the time of the institution of suit No. 11063, being worth $7,500, and Chatterton sold his interest therein for the sum of $3,300. The partial payment and alleged agreement sought to be interposed by way of defense by Walker, as presented in the assignments of error in his application for the writ, antedated rendition of the judgment sued upon.

Walker, by supplemental answer, pleaded that the suit in which the judgment herein sued upon was rendered was merged in the suit of United States & Mexico Trust Company v. Texas Southern Railway Company, No. 11076, and the judgment recovered by W. A. Chatterton therein against the railway company, in the final decree of foreclosure, was sold and transferred by Chatterton to F. M. Hubbel, and plaintiffs in this suit are not entitled to any interest in, and are not the legal owners and holders for value of, the judgment of W. A. Chatterton against the Texas Southern Railway Company, which judgment was the result of the merger of causes Nos. 11063 and 11076.

The cause was tried by the court. Walker adduced evidence to establish want of service upon him and nonappearance by him in cause No. 11063, and to sustain the other defenses, which evidence the court declined to consider. The court concluded: (1) That the defenses which existed at the time the judgment was rendered could not be urged in this proceeding; (2) that the judgment reciting appearance of defendants by attorney, Walker was precluded from showing want of jurisdiction in the court rendering the judgment; this constituting a collateral attack upon the judgment. Judgment was rendered for defendants in error in the amount of the judgment sued upon, with interest, less $3,300, the sum received by Chatterton on the sale of the collateral. On appeal, the judgment was affirmed. 192 S. W. 1085.

[1] We think the trial court correct in its first conclusion. The judgment, unless void, is conclusive in a proceeding of this character. The original cause of action is merged in the judgment, and the principles of estoppel attached to final adjudications are as operative and conclusive in an action on the judgment as in other cases; hence no defenses can be urged which existed anterior to the judgment, the effect of which would be to render the judgment merely defective, erroneous, or voidable, but not void. Bullock v. Ballew, 9 Tex. 498; Hopkins v. Howard, 12 Tex. 7; Baxter v. Dear, 24 Tex. 17, 76 Am. Dec. 89; Bridge v. Samuelson, 73 Tex. 522, 11 S. W. 539.

[2] We are of opinion that the conclusion of the trial court, to the effect that the recital in the judgment of appearance was conclusive, and that defendant in an action on the judgment could not defend on the ground of want of jurisdiction over his person by the court rendering the judgment, is erroneous. The judgment is the foundation of the action. The proceeding is directly upon the judgment, and does not merely collaterally involve it. The defense does not attempt to defeat the operation of the judgment in a proceeding where some new right derived from or through the judgment is asserted. No new right is affected. The only right involved is the original right expressed by the judgment. It is sought to make the judgment the basis of a new re-

covery, proceeding from the original right acquired by the judgment.

The judgment is itself the cause of action. The defense is that the judgment, the cause of action, is an absolute nullity. The action being directly upon the judgment, the defense that the court had no power to render it does not constitute a collateral, but a direct, attack. It is well established in this state that a proceeding to vacate a judgment, or to enjoin its execution, is a direct attack upon it. Crawford v. McDonald, 88 Tex. 626, 33 S. W. 325. Defendant could have brought such a proceeding, and, upon allegation and proof of want of jurisdiction over his person, obtain relief against the judgment.

[3] Our courts administer both law and equity in the same action, and equitable defenses may be interposed to actions at law. This being true, we can perceive no good reason for denying to defendant in an action on a judgment the right to interpose, by way of defense, facts which would require a vacation of the judgment for want of jurisdiction, had he resorted to an independent action for such purpose. The defense asserted in the answer, with prayer for cancellation, should be given the same force and effect as a cross-bill. House & Co. v. Collins, 42 Tex. 486. It is now well settled by the courts in a majority of states, and by the Supreme Court of the United States, that in an action upon a foreign judgment the question of jurisdiction may be inquired into, and a want of jurisdiction over the person shown, notwithstanding the requirement in the Constitution of the United States that full faith and credit shall be given in every state to the public acts, records, and judicial proceedings of every other state. No sound distinction can be made as to this defense in an action upon a judgment of another state and one upon a domestic judgment. If a conclusive presumption obtains in the one case, it should obtain in the other.

It is clear, upon principle, that the jurisdiction of a court entering a particular judgment may always be inquired into when such judgment is made the foundation of an action. In Norwood v. Cobb, 15 Tex. 500, the first case before our Supreme Court involving the availability of this defense to a foreign judgment, the court, speaking through Lipscomb, J., recognized that the defense was available in an action upon either a foreign or domestic judgment. In the course of the opinion it is said:

"The rule is believed to be universal, not only in cases arising upon judgments of a sister state, but by the common law, and acknowledged also to prevail in most civilized governments, that a want of jurisdiction in the court rendering the judgment invalidates the judgment; and it would be vain and useless to say to the party interested: You may impeach the judgment and show that the court awarding it had no jurisdiction—and deny to him the means of showing such want of jurisdiction."

And again:

"If a suit was brought on one of our own judgments, it cannot be questioned; but it would be competent for the defendant to go behind the judgment, and show a want of jurisdiction in the court that rendered the judgment, or to show that it was obtained by fraud. In effect, we so ruled in Gross v. McClaran, 8 Tex. 341, and in Jones v. Stuart, 9 Tex. 469."

The Court of Civil Appeals did not pass upon this question, holding that, if it be conceded that the defense could be urged, the record disclosing that the judgment was valid, it devolved upon Walker to show that he had a good defense to the suit; that the trial court heard all the evidence, and passed upon its sufficiency, or as ground for vacating the judgment, and the evidence is not such as required the rendition of a different judgment upon the merits; that, the facts being such as to warrant a finding of an insufficient defense, it must be assumed that the trial court was justified in rendering the judgment herein.

The defendant pleaded and adduced evidence to establish a partial payment of the note, the basis of the judgment sued upon, and an agreement that Chatterton would accept in further payment of the note certain collateral trust certificates; such partial payment and agreement antedating the judgment. The trial court declined to consider the evidence, holding it inadmissible for any purpose; the judgment being conclusive upon defendant. It cannot, therefore, be assumed that the trial court was justified in rendering judgment on the ground of a lack of defense to the original cause of action. If defendant's right to defend upon the ground of want of jurisdiction was conditioned upon allegations and proof of a meritorious defense, which we do not determine, we hold that such condition was complied with.

[4] There remains to be considered the contention of plaintiff in error that cause No. 11063 was merged in cause No. 11076, and, W. A. Chatterton having sold that judgment, defendants in error cannot recover herein. The cause of action in suit No. 11063 against the Delaware Western Construction Company and L. E. Walker was on a note; that against the Texas Southern Railway Company was on certain collateral given to secure the note. Though joined in one suit, the causes of action were separate and distinct. So, likewise, the judgment was not joint, but as against the Delaware Western Construction Company and L. E. Walker was on the note, and against the Texas Southern Railway Company on the collateral. The intervention by Chatterton in the receivership proceeding was solely upon the

judgment recovered against the Texas Southern Railway Company; and neither the intervention nor the decree of the court thereon in any wise affected the judgment on the note against the Delaware Western Construction Company and L. E. Walker. The intervention was proper, and resulted in no merger of the two suits or judgments. The proceeds of the sale of Chatterton's rights under the judgment were duly credited upon the judgment herein.

We are of opinion that the judgment of the Court of Civil Appeals should be reversed, and the cause remanded for a new trial.

PHILLIPS, C. J. We approve the judgment recommended in this case, and the holding of the Commission on the question discussed.