**LIVERPOOL & LONDON & GLOBE INS. CO. et al. v. LUMMUS COTTON GIN SALES CO. (No. 912-4985.)**

Commission of Appeals of Texas, Section B. May 23, 1928.

1. **Garnishment** ⟨⟩215—**Garnishee, having admitted indebtedness to defendant and interpleaded another claimant, had no concern in controversy respecting priority between claimants.**

Where garnishee admitted that it owed defendant in garnishment suit and interpleaded another party alleged to be claiming fund, payment to either claimant under judgment of the court would give garnishee full protection, and it had no concern with controversy between claimants respecting priority rights in fund.

2. **Judgment** ⟨⟩818(1)—**Want of jurisdiction of subject-matter or person may be set up in collateral attack on foreign judgment, notwithstanding full faith and credit clause (Const. U. S. art. 4, § 1).**

The strict rule forbidding collateral attack on judgment for irregularities rendering judgment voidable only does not apply to foreign judgments, and, even though invalidity of such a judgment is not apparent on the face of the record, and though on face of record judgment is valid, person sought to be bound thereby may show that foreign court rendering judgment was without jurisdiction of the subject-matter or of the person, notwithstanding "full faith and credit clause" of Const. U. S. art. 4, § 1.

3. **Judgment** ⟨⟩818(2)—**Foreign judgment held void and subject to collateral attack, where citation was not addressed to nonresident defendant but to sheriff.**

Where plaintiff suing on notes garnished proceeds of defendant's fire insurance policies, judgment in subsequent garnishment proceedings in Oklahoma instituted by one impleaded in plaintiff's garnishment proceeding *held* void both in Oklahoma and Texas, and not res judicata as against plaintiff, because citation in Oklahoma proceedings was not addressed to the defendant therein, but to sheriff of county of defendant's alleged residence.

Error to Court of Civil Appeals of Third Supreme Judicial District.

Garnishment proceeding by the Lummus Cotton Gin Sales Company against George E. Young, defendant, and the Liverpool & London & Globe Insurance Company, garnishee, in which the City National Bank of Lawton, Okl., was impleaded as a claimant of the funds garnished. Judgment of the district court was reversed and rendered in part, and in part affirmed by Court of Civil Appeals (297 S. W. 563), and garnishee and the City National Bank bring error. Affirmed.

Thompson, Knight, Baker & Harris and Webster Atwell, all of Dallas, for plaintiffs in error.

Smithdeal, Shook, Spence & Bowyer, of Dallas, for defendant in error.

SPEER, J. The following is taken from the statement of the case as made by Justice Blair for the Court of Civil Appeals:

"On March 24, 1921, appellee, Lummus Cotton Gin Sales Company, sued George E. Young, of Lawton, Okl., on his two notes for $1,900 each, payable to appellee at Dallas, Tex., and on the same day filed its affidavit and bond for a writ of garnishment before judgment to issue to appellant Liverpool & London & Globe Insurance Company, Limited, a foreign corporation authorized to do business in Texas, alleging that garnishee was indebted to Young. The writ was legally served on March 29, 1921, at Dallas, Tex., and on May 17, 1921, garnishee answered that it was not indebted to George E. Young, of Lawton, Okl., unless by virtue of two insurance policies issued by it to V. L. Young on May 29, 1920, and September 15, 1920, respectively, each for $3,000, and covering certain gin property situated at Lawton, Okl.; that a fire destroyed the gin on January 7, 1921, and the loss had been adjusted with V. L. Young for $2,812.50 on each policy, or a total of $5,625, which under the terms of the policies and the adjustment was payable March 7, 1921; that the last policy issued contained a clause making the loss payable to appellant City National Bank of Lawton, Okl., as its interest might appear; that garnishee was about to issue its drafts for the insurance proceeds in favor of V. L. Young and appellant bank when the writ of garnishment was served upon it; and prayed that V. L. Young, George E. Young and appellant bank be interpleaded and required to show their respective interest in and to the insurance proceeds due under the adjustment.

"On April 28, 1921, appellant City National Bank of Lawton, Okl., filed a suit in the district court of Comanche county, Okl., against Vinnie L. Young, wife of George E. Young, and G. E. Young, on their joint note to it, and to foreclose a mortgage lien on the gin destroyed by fire, and against garnishee herein, Liverpool & London & Globe Insurance Company, Limited, a foreign corporation authorized to do business in Oklahoma, to recover the insurance proceeds as assignee of the Youngs and by virtue of the loss payable clause in its favor contained in the second policy issued, and to recover against appellee, a Texas corporation located at Dallas, Tex., upon the allegation that it was claiming some interest in the insurance proceeds, but that its claim thereto was inferior to that of appellant bank. Appellant bank also caused a writ of garnishment to issue out of that suit to the garnishee herein, which was served at Lawton, Okl., May 3, 1921; and in answer to the writ garnishee set up the same facts with reference to the two policies of insurance issued to V. L. Young as were contained in its answer to the writ of garnishment theretofore filed in the Texas suit, and also pleaded that it had been served with the prior writ in the Texas case, and prayed that appellee gin company be interpleaded and required to assert its rights to said insurance proceeds in the Oklahoma suit. On May 21,

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

1921, appellant bank recovered judgment in its Oklahoma suit as prayed for, the judgment against appellee gin company being by default, and reciting that appellee had been duly served or summoned as required by the laws of Oklahoma in such cases, and that its claim to the insurance proceeds was inferior to that of appellant bank. The Youngs alone appealed from this judgment, and it appears to have been affirmed by the Supreme Court of Oklahoma in 1925, 109 Okl. 271, 235 P. 908.

"Pending the appeal in that case, garnishee Liverpool & London & Globe Insurance Company, Limited, filed an interpleader suit in the United States District Court for the Western District of Oklahoma, against the Youngs, appellant bank, and the appellee, and deposited into the registry of that court the insurance proceeds. Apparently that cause is being held in abeyance pending a decision in this cause.

"On May 1, 1922, appellee, Lummus Gin Company, recovered a default judgment in this suit against George E. Young on his notes for $4,-814.67, with 10 per cent. interest from date of judgment, and for costs of suit.

"After the interpleader suit was filed by garnishee in the United States Court proceedings were again resumed in the Texas court, wherein on June 4, 1923, appellant bank filed its answer to garnishee's interpleader suit, consisting of a demurrer, a general denial, and a plea that it had always claimed the insurance proceeds in question. Various pleadings and amended and supplemental pleadings were thereafter filed by garnishee, appellee, appellant bank, and the Youngs. * * *

"On October 12, 1925, the date of the trial of this case, appellant bank filed its plea in abatement to the cross-action for damages due to misjoinder of that action for personal judgment for tort, fraud, and conversion with this garnishment proceeding, wherein appellant bank stood in the position of an interpleaded intervener, merely claiming the garnishment fund. The plea in abatement due to misjoinder was struck down by the court upon the grounds that it was without merit; that it came too late and not in due order of pleading; and that it had been waived by appellant by filing a general answer and by making 'a general appearance in this case in April, 1923, and by various other appearances after the filing of its general answer in April, 1923.'

"The Youngs filed their answer herein on October 12, 1925, the effect of which was to admit the allegations and claims made by appellee to the garnishment fund, and prayed that appellee be awarded judgment for the insurance proceeds in question.

"The jury found on special issues submitted that the appellant bank made a false report, intending to do so, of the financial standing of George E. Young, to appellee; that appellant bank by the manner in which it handled the settlement papers for the sale of the gin machinery represented to appellee that George E. Young was the owner of the Lawton Gin Company and that George E. Young was owner of the lots on which the gin was situated and covered by the mortgage executed by George E. Young alone securing the notes in suit, which were also executed by George E. Young alone, and that appellant bank was responsible for the failure of the Lawton Gin Company to procure insurance in favor of appellee on the machinery sold by it to said Lawton Gin Company. These findings of the jury are sufficiently supported by the evidence, and, without detailing the evidence, appellee proved all the material allegations of his various pleadings filed herein and above set out in our statement of the pleadings. Specific findings of fact where necessary will hereinafter be made in connection with the question to which they relate.

"Upon the evidence and the jury's findings of fact judgment was rendered for appellee, Lummus Cotton Gin Sales Company, against garnishee, Liverpool & London & Globe Insurance Company, Limited, for $5,625, which was the amount of the insurance proceeds and also the amount of appellee's judgment against George E. Young herein, plus interest and costs. Judgment was also rendered against appellant bank and the Youngs decreeing a superior right or interest of appellee to the insurance proceeds impounded by the garnishment herein. A personal judgment for damages was rendered in favor of appellee against appellant bank for the amount of appellee's judgment against Young, which was also the amount of the insurance proceeds due under the adjustment, but which judgment provided that if garnishee paid the insurance proceeds to appellee such payment pro tanto paid the personal judgment rendered herein against appellant. The judgment also decreed that as between appellant and garnishee, garnishee would owe appellant bank nothing upon payment to appellee of the insurance proceeds in satisfaction of the judgment rendered in favor of appellee against garnishee herein. The judgment also decreed that appellee recovered the proceeds of the insurance policies in question as against appellant, garnishee and the Youngs, and denied to any and all of them any claim to the insurance proceeds."

The Court of Civil Appeals reversed the trial court's judgment awarding personal judgment for damages against the City National Bank of Lawton, and dismissed the cross-action without prejudice; in all other respects it affirmed the judgment of the trial court. 297 S. W. 563.

Both appellants in the Court of Civil Appeals are plaintiffs in error in this court.

[1] Plaintiff in error the Liverpool & London & Globe Insurance Company presents several assignments of error, all of which relate to two questions, the first of which is a complaint that the court erred in sustaining the claim of defendant in error to an equitable right to the proceeds of the insurance policies superior to that of the plaintiff in error City National Bank of Lawton.

Clearly, under the pleadings and undisputed facts in this case, the insurance company is not concerned with the controversy between the defendant in error and the City National Bank of Lawton as to the priority of right to the proceeds of the gin insurance. The insurance company has admitted its liability upon these policies, and, all claimants being properly before the court, payment to either under the judgment of the court would be full protection to the insurance company, in so far as this judgment is concerned. That

6 S.W.(2d)—46½

was the very purpose for which the City National Bank of Lawton was brought into the case as a party—to the end that its alleged claim to the fund could be adjudicated to the ultimate end that the insurance company would be protected in the payment of any judgment which might be rendered against it, without the danger of a second judgment in favor of another claimant. This matter is satisfactorily disposed of by the Court of Civil Appeals.

The next group of assignments presents the question that the judgment rendered in the district court of Oklahoma was conclusive upon all parties in favor of the City National Bank of Lawton as to the proceeds of the insurance policies as res adjudicata.

Upon this issue the garnishee offered in evidence a duly exemplified copy of the Oklahoma judgment "rendered by the district court of Comanche county, Okl., in a suit styled City National Bank of Lawton, Okl., v. Liverpool & London & Globe Insurance Co., Limited, et al., copy of which said judgment so tendered in evidence, together with citation or notice and service thereof, is set out at pages 192 to 267, inclusive, of the statements of fact, and is incorporated herein, by agreement, as part of this bill of exceptions," to which tender the Lummus Cotton Gin Sales Company objected "for the reason that said judgment was not shown to have been rendered with such formalities or under such circumstances or with such service as a prerequisite to making it a valid and binding judgment upon said Lummus Cotton Gin Sales Company, but that upon the notice and return accompanying the said judgment it is shown to have been rendered upon notice and return thereon which was and is invalid under the laws of Oklahoma as well as the laws of Texas, and that, since the same is not binding upon the Lummus Cotton Gin Sales Company, it could not properly be introduced in evidence as against said concern," which said objections were sustained by the court, and the evidence tendered was excluded as to the objecting plaintiff.

[2] This must be treated as a collateral attack upon the Oklahoma judgment, but, such judgment being a foreign judgment, the strict rule forbidding collateral attacks for irregularities rendering the same voidable only does not apply, and, even though the invalidity of the judgment is not apparent from the face of the record, and even though upon the face of the record the judgment is valid, nevertheless in such a case the person sought to be bound thereby may show that the court rendering the judgment was without jurisdiction of either the subject-matter or the person (Burbank v. Ernst, 232 U. S. 162, 34 S. Ct. 299, 58 L. Ed. 551; Old Wayne, etc., Association v. McDonough, 204 U. S. 8, 27 S. Ct. 236, 51 L. Ed. 345; Nat. Exchange Bank v. Wiley, 195 U. S. 257, 25 S. Ct. 70, 49 L. Ed. 184; Redus v. Burnett, 59 Tex. 576; Nor-

wood v. Cobb, 15 Tex. 500; Walker v. Chatterton [Tex. Com. App.] 222 S. W. 1100), and this notwithstanding the "full faith and credit" clause of the United States Constitution (Reynolds v. Stockton, 140 U. S. 254, 11 S. Ct. 773, 35 L. Ed. 464; Grover & Baker Sewing Machine Co. v. Radcliffe, 137 U. S. 287, 11 S. Ct. 92, 34 L. Ed. 670; Cole v. Cunningham, 133 U. S. 107, 10 S. Ct. 269, 33 L. Ed. 538; Wisconsin v. Pelican Insurance Co., 127 U. S. 265, 8 S. Ct. 1370, 32 L. Ed. 239; Hall v. Lanning, 91 U. S. 160, 23 L. Ed. 271; Brown v. Mitchell, 75 Tex. 9, 12 S. W. 606; Walker v. Chatterton [Tex. Com. App.] 222 S. W. 1100).

[3] Now the judgment tendered in evidence as shown by the journal entry recites:

"The court finds from the records and evidence in the case that the Lummus Cotton Gin Sales Company, a corporation of Dallas, Tex., has heretofore been served with summons, and that there has been had upon it, the Lummus Cotton Gin Sales Company, a corporation, due legal and lawful service of summons, both said summons and service thereof being in conformity with and according to the laws of the state of Oklahoma, as is in such cases made and provided, and that the said Lummus Cotton Gin Sales Company, a corporation, of Dallas, Tex., has been legally and lawfully and properly summoned according to the laws of Oklahoma to be, appear, and answer in this case, and that this court has jurisdiction now over said Lummus Cotton Gin Sales Company, a corporation, of Dallas, Tex."

Of course, if this were all, the Oklahoma court did have jurisdiction over the person of the Lummus Cotton Gin Sales Company, but, as a part of the tender by garnishee as shown by the bill of exceptions, there is a writ of citation and return thereon by the sheriff of Dallas county, which under the decisions of Oklahoma as well as of our own state were clearly insufficient to give the Oklahoma court jurisdiction over the defendant in error; the defect being that the statutory notice to a nonresident defendant was not addressed to the defendant, but to the sheriff of the county of its alleged residence. Porter v. Hill County (Tex. Civ. App.) 33 S. W. 383; Wilson v. Grant, 79 Okl. 132, 191 P. 1040. In the absence of evidence or admission of the parties, that the judgment was actually based upon the defective service, the presumption, in the light of the recitals of the judgment, would be otherwise, but here the garnishee by the very act of tendering the writ and the return in connection with the offer of the judgment necessarily admits that the judgment was predicated upon such defective process and return, and excludes the presumption that another and sufficient service was had. The offer of plaintiff in error under the record could have no other meaning than that it admitted the judgment was based upon the service shown in the transcript made a part of the bill of exceptions. This being true, and the rule being that such a judgment may be collaterally attacked, we think it indispu-

tably appears that the judgment was void as to the Lummus Cotton Gin Sales Company and was therefore properly excluded upon the objections made.

The rule of absolute verity of the recitation in the judgment of service as announced in Treadway v. Eastburn, 57 Tex. 209, and followed and reaffirmed as late as Switzer v. Smith (Tex. Com. App.) 300 S. W. 31 (not yet [officially] reported), has no application, since the judgment attacked is a foreign one, and the want of jurisdiction may be shown in this collateral proceeding.

We think the affirmance of the district court judgment as to this ruling should be upon the ground discussed by us.

We have examined the assignments of error presented by plaintiff in error City National Bank of Lawton, and no assignment is briefed which could call for a reversal. The points relied upon by that plaintiff in error are disposed of in what we have already said.

We therefore recommend that the judgments of both the district court and the Court of Civil Appeals be affirmed.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both affirmed, as recommended by the Commission of Appeals.