### CONTINENTAL INSURANCE COMPANY v. E. E. CHASE ET AL.

Application No. 915.—Decided February 13, 1896.

**1. Insurance Policy—Pleading.**

In a suit upon a fire insurance policy the defendant, relying upon a condition of the policy requiring proof of loss to be made within sixty days, should plead the condition and breach. In the absence of such allegations the answer is defective, and upon such pleadings the question does not arise whether the Act of 1879, page 83 (Revised Statutes, 3089), prescribing that in case of total loss the policy shall be held a liquidated demand, rendered nugatory that clause in the policy. (Pp. 213, 214.)

**2. Jurisdiction—Garnishment.**

Garnishment issued under a local (Texas) judgment and was served upon the local agent of the New York Fire Insurance Company. Subsequent to the service of the writ, garnishments were served from courts in New York and in Rhode Island. The insurance company, in answer, urged the subsequent garnishments as reasons for avoiding liability in the Texas court: Held, that having acquired jurisdiction of the fund before the rights of the foreign judgment creditors attached, the local (Texas) court had jurisdiction to adjust the rights of the parties to such fund. (P. 214.)

APPLICATION for writ of error to Court of Civil Appeals for Second District, in an appeal from Tarrant County.

The material allegations in the application for writ of error are here given:

"The Insurance Company was brought into the District Court of Tarrant County, Texas, by a writ of garnishment applied for by J. W. Swayne with a view of compelling it to pay $3500 to plaintiff in garnishment under the supposition that the garnishee was indebted to E. E.

Chase in said amount by reason of a loss by fire, against which the Insurance Company (garnishee) had insured the said Chase. Chase and wife intervened, claiming the insurance money to be exempt upon the ground that the dwelling which had been insured against loss by fire and which had been destroyed by fire was their homestead.

The Insurance Company (garnishee) admitted that the building had been insured by it and that it was destroyed by fire, but advanced as reasons why judgment should not be rendered against it: (1) That the conditions of the policy, after the loss occurred, had not been complied with; (2) that the garnishee was garnished in other courts and that, in the event that the plaintiff in garnishment did not recover, Chase and wife should not recover until the garnishment proceedings pending in other States were disposed of. The District Court sustained a demurrer to both of these defenses and judgment was rendered against the garnishee." This judgment on appeal was affirmed by the Court of Civil Appeals.

The errors complained of are: .

1. "The court erred in holding that the law making a fire insurance policy under certain contingencies a liquidated demand did at the same time annul all conditions in the policy regarding how and within what time the loss should be proven, and what evidence should be furnished to the insurer to show whether the policy was in force at the time the loss was incurred, and within what time such evidence was to be furnished. The policy provided that proof of loss was to be furnished within 60 days after loss had occurred, but this Chase had failed to do.

2. The court erred in holding that the policy sued upon was a Texas contract, it appearing from the policy itself and the record that the Insurance Company is a corporation created by the State of New York; that it has its principal office in the City of New York; that it is therefore a resident of the City and State of New York; that it is nowhere stated in the policy or in the record where any loss was eventually to be paid,— and this suit could not have been instituted except for the fact that a local agent of the Insurance Company resides in Tarrant County.

3. "The court erred in holding that the exemption laws of this State are binding on the courts of other States, and it follows that, notwithstanding the courts of this State have held that the insurance money on the homestead is exempt and not subject to garnishment, this defense is not available to this petitioner, and the decision holding such money to be exempt is not binding in the cases pending in the courts of Rhode Island and New York involving the same funds."

*C. Von Carlowitz,* for application.

GAINES, CHIEF JUSTICE.—We concur with the Court of Civil Appeals in holding that the second paragraph of the applicant's answer in the trial court does not aver that by the terms of the policy the making of the proof of loss within sixty days was a condition precedent to a re-

covery, and therefore think that the court was correct in deciding that the demurrer to that pleading was properly sustained. We are not however prepared to say that the effect of the statute referred to in the opinion was to render such a provision, if it had been contained in the policy, nugatory. However that may be, the ruling upon that part of the answer should have been the same. We therefore find it unnecessary to pass upon that question.

This proceeding was commenced by a judgment creditor of E. E. Chase, the defendant in the application, to subject the sum alleged to be due upon the policy to the payment of his judgments. The writ of garnishment was served on 27th day of July, 1893. The fourth paragraph of the answer of the garnishee, the applicant here, alleges as a reason why a recovery should not be had against it, that two writs of garnishment had been issued and served upon it, one on the 7th day of August, 1893, in a court of New York, and the other on the 10th day of the same month in a court of Rhode Island. Under this state of facts, we are of the opinion that, since the writ in this case was served first, the District Court of Tarrant County first acquired jurisdiction over the fund, and had the power and that it was its duty to determine the right to it as between the parties to this suit. For that reason we think the demurrer to the fourth paragraph to the answer was properly sustained.

The proper result upon the questions presented having been reached in the trial court and in the Court of Civil Appeals, the application for the writ of error is refused.

*Refused*