## MISSOURI, K. & T. RY. CO. v. HOUSLEY.

No. 3892.   Opinion Filed April 27, 1915.

(148 Pac. 689.)

1.   ABATEMENT AND REVIVAL—Pendency of Another Case—Foreign Garnishment Proceedings. The mere pendency of a garnishment proceeding in another state, where the garnishee has not paid or been condemned to pay anything, is not available as a defense in bar in a suit brought in this state by a creditor against his debtor (the garnishee to recover judgment for the indebtedness involved in such foreign garnishment proceeding.

2.   ACTION—Stay—Pendency of Another Action—Protection Against Double Payment—Garnishment. In such a case, the courts in this state, upon a proper showing by the defendant that the debt in suit has been garnisheed under valid process out of a court of competent jurisdiction in another state, will protect such defendant from the possibility of a double payment, by continuing the proceedings here ex comitate for a sufficient time for the determination of the proceedings in the other state. Or, if the court has allowed the suit to go to judgment, notwithstanding a disclosure of such a situation by the debtor, then it must protect the defendant by suspending execution until defendant has had sufficient time to dispose of the question of his liability in the foreign suit.

3.    COSTS—Offer to Confess Judgment—Effect.  On June 19, 1911,
H. sued M., a railway company, in a justice of the peace court
of Coal county, for wages past due.  M. answered, showing
that on May 19, 1911, it had been garnisheed by process out of
a Kansas court, in a suit brought there against H., but had not
answered, paid anything, or been condemned to pay anything in
that court.  On appeal to the county court, on November 4, 1911,
M. filed an amended answer, setting up the proceedings in
the Kansas court, and showing that the suit had been dismissed
by the Kansas court on August 26, 1911, and offered to confess
judgment for the full amount of the claim of H., provided it be
absolved from all costs.  The court gave judgment for costs,
as well as the debt.  Held that, as M. was at least liable for the
costs up to the time it answered in the justice court, its demand
to go free of all costs was properly denied.

(Syllabus by Brewer, C.)

*Error from County Court, Coal County;*

*R. H. Wells, Judge.*

Action by George E. Housley against the Missouri, Kansas
& Texas Railway Company.  Judgment for plaintiff, and defend-
ant brings error.  Affirmed.

*Clifford L. Jackson, W. R. Allen,* and *M. D. Green,* for plain-
tiff in error.

*G. T. Ralls,* for defendant in error.

BREWER, C.  Housley sued the railway company for wages
due in a justice of the peace court in Coal county on June 19,
1911.  The answer set up that the railway company had been, on
May 19, 1911, served with a garnishment process out of a justice
of the peace court in the state of Kansas, in a suit in that court
against Housley, but disclosed that it had filed no answer as
garnishee; that no service had been had on Housley, either per-
sonally or by publication; and that no final order to pay any
money into the Kansas court by the railway company had been
made.  Judgment was rendered for Housley, and the railway
company appealed to the county court, where, in November, 1911,
it filed an offer in writing to confess judgment for the full sum

of the wages sued for, upon condition that all prior costs of suit be taxed against Housley. This offer being refused, the railway company on November 4, 1911, filed an amended answer, which, among other things, disclosed the fact that the garnishment proceedings had theretofore, on August 26, 1911, been dismissed by the Kansas court. This answer renewed the offer to confess judgment for the full sum sued for, but demanded that Housley be taxed with all the costs. The county court rendered judgment against the railway company for the amount sued for, together with costs. To reverse this judgment, the railway company brings error.

From the statement of facts above, it is quite obvious that the only complaint against the judgment, as it stands, goes to the matter of costs; appellant claiming that, under the circumstances disclosed, it should not be taxed with any costs.

1. It is quite unnecessary to discuss the general proposition of according full faith and credit to the judgments of the courts of other states. There was no judgment in the Kansas court, involving any obligation upon appellant, to be accredited. The most that the railway company can claim is that, when it answered in the justice court, it stood in danger of having an obligation, to pay this same debt to another, imposed upon it. No such obligation having been at the time incurred, it goes with the saying, and without argument, that the proceedings in the Kansas court, as disclosed, were not available in bar; that is to say, that such proceedings were not available at that time as a complete defense.

This reduces the matter to the question of just what effect the disclosures made in the answer should have had in the justice court of Coal county. The railway was unable to offer any present defense; yet it disclosed a situation which might, in due course, ripen into a perfect defense against the claim in suit here. But, upon the other hand, the situation might not, and in fact in this case did not, so develop. The courts of the different states are not in harmony as to just what the rights of a defend-

ant in such a situation are; but they are all agreed that such control of the suit, or of executions on any judgment rendered, should be maintained as would protect the answering defendant from double liability on account of the same debt. The state of the authorities is discussed in the case of *Howland v. C., R. I. & P. Ry. Co.,* 134 Mo. 474, 36 S. W. 29, from which we set out the following:

"In Massachusetts, though it is denied that the pendency of an attachment is good cause to abate the writ 'for *non constat* that judgment will ever be rendered in the attachment suit,' yet the fact of such pendency was held good ground for a continuance while the attachment was pending. *Winthrop v. Carlton,* 8 Mass. 456. In Louisiana a like result was worked out by ordering a stay of further proceedings until the decision of the attachment. *Carrol v. McDonogh,* 10 Mart. O. S. (La.) 609. Substantially the same end is attained in Vermont by giving judgment in favor of the creditor, the attachment defendant, against the garnishee, with stay of execution until the garnishee is released from the garnishment. *Morton v. Webb,* 7 Vt. 123. So in Alabama the court will either suspend all proceedings until the attachment suit is determined, or render judgment with a stay of execution, etc. *Crawford v. Slade,* 9 Ala. 887 [44 Am. Dec. 463]; *Gas Light Co. v. Merrick,* 61 Ala. 534. And an intimation was there given that such a course would be pursued after judgment, notwithstanding an omission or an ineffectual attempt to plead the matter in abatement. So in California the doctrine announced in Alabama is fully concurred in *McFadden v. O'Donnell,* 18 Cal. 160. In Georgia the pendency of an attachment is not pleadable in bar, but, when pleaded, will induce the court so to mold the judgment as to stay execution so as to protect the garnishee against double payment. *Shealy v. Toole,* 56 Ga. 210. Upon consideration we are of opinion that the ends of justice can be best attained by following the course authorized by the courts in Vermont, Alabama, California, and Georgia. To allow the defendant in the second suit to plead the attachment in the first in abatement would frequently lead to unavoidable embarrassment, because, as suggested in the Massachusetts case, peradventure no judgment might ever be rendered in the attachment suit, and consequently the plaintiff in the second suit would have his suit abated and he be mulcted in costs, and then have to renew his suit, perhaps, after great delay. Guided by

these reasons, we reverse the judgment and remand the cause, with directions to the circuit court to enter judgment for plaintiff for the amount due him, to wit, $31.20, and grant a stay of execution so as to protect the defendant garnishee, as hereinbefore indicated."

For a full review of the authorities, see 20 Cyc. 1141, notes 10, 11, 12; also 26 Cent. Dig. tit. Garnishment, notes 436, 437. While they are not directly in point here, yet, as they discuss closely related questions, we call attention to *M., K. & T. Ry. Co. v. Houseley,* 37 Okla. 326, 132 Pac. 330, and *M., K. & T. Ry. Co. v. Bradshaw,* 37 Okla. 317, 132 Pac. 325.

We have examined many of the decisions, and think the weight of authority and the better reasoning supports the rule: That the mere pendency of a garnishment proceeding in another state is not available as a defense in bar in a suit brought in this state by the creditor against his debtor to recover judgment for the indebtedness involved in such garnishment, but that in such case the courts of this state, upon a proper showing by the defendant that the debt in suit has been garnisheed under valid process out of a court of competent jurisdiction in another state, will protect such defendant from the possibility of a double payment, by continuing the proceedings here *ex comitate*, or by staying execution, in case judgment has been rendered, for a sufficient time for the termination of the proceedings in the other state.

Coming now to the precise point, we think it clear that there was no want of jurisdiction in the justice court at any time; that plaintiff was, beyond any question, entitled to costs up to the filing of the answer. The railway company demanded absolution from all costs. This it was not entitled to in any event; and this is sufficient to require an affirmance of the case, without pursuing the inquiry as to its liability for costs after its answer and up to the time it was relieved of any danger by the dismissal of the garnishment proceedings in Kansas.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.