**CITY NAT. BANK OF LAWTON, OKL., et al.
v. LUMMUS COTTON GIN SALES CO.
(No. 7116.)**

Court of Civil Appeals of Texas. Austin.
June 22, 1927.

Rehearing Denied July 20, 1927.

**1. Process ⊛⟹6—One impleaded in garnishment need not take notice of cross-action against it for tort filed by plaintiff.**

Where bank was merely impleaded by garnishee for sole purpose of asserting its claim to garnishment fund, it was not required to take notice of cross-action for damages based upon fraud and filed by plaintiff in garnishment against it.

**2. Pleading ⊛⟹147—Plaintiff in garnishment could not maintain cross-action for personal judgment for tort against one impleaded by garnishee.**

In garnishment proceeding, plaintiff could not maintain cross-action for personal judgment for tort, fraud, and conversion against one impleaded by garnishee for sole purpose of having it assert its claim to garnishment fund, since only issue was who was entitled to fund, even though tort and fraud had prejudiced plaintiff's right to fund garnished.

**3. Garnishment ⊛⟹237 — Where garnishment proceeding was begun in state, judgment in later garnishment proceeding between same parties in another state was not res judicata.**

Where garnishment proceeding was begun in state, judgment in garnishment proceeding in Oklahoma, instituted later by one impleaded in first garnishment proceeding, where neither state court had obtained jurisdiction of tangible res, funds having been deposited in federal court, was not res judicata or conclusive of rights of parties to garnishment proceeding in state.

**4. Estoppel ⊛⟹83(1)—That insurance policies, proceeds of which plaintiff garnisheed, ran in defendant's wife's name could not be taken advantage of by one impleaded who had represented to plaintiff that they were partners.**

Where plaintiff in suing on notes executed by G. E. Y. for purchase price of gin machinery garnisheed proceeds of insurance policies, fact that insurance policies ran in name of V. L. Y., and plaintiff's judgment ran against G. E. Y., could not be taken advantage of by bank which was impleaded by garnishee as claiming funds and which had represented in acting as agent for plaintiff that G. E. Y., V. L. Y., and L. G. Co. were one and same person or were partners.

**5. Trial ⊛⟹350(3)—Garnishee having answered that it owed defendant and interpleaded another who defended interest, submission of issue regarding garnishee's liability was unnecessary.**

Where garnishee answered that it owed defendant in garnishment suit and interpleaded another party alleged to be claiming fund, who appeared and defended its interest in fund, the only issue was to whom garnishee should pay money, and it was unnecessary to submit issues as to garnishee's liability.

**6. Courts ⊛⟹497—Where garnishment proceeding was begun in state court and garnishee filed interpleader suit in federal court, state court could proceed to judgment (Act Cong. Feb. 22, 1917, as amended by Act Cong. Feb. 25, 1925 [U. S. Comp. St. §§ 991a–991c]).**

Where garnishment proceeding was begun in state court, garnishment fund was claimed by another, who was impleaded in garnishment suit, and garnishee later filed interpleader suit in federal court under Act Cong. Feb. 22, 1917, as amended by Act Cong. Feb. 25, 1925 (U. S. Comp. St. §§ 991a–991c), state court having personal jurisdiction of all claimants to fund, and federal court not having issued order restraining court from further proceeding with cause, could proceed to judgment.

Appeal from District Court, Dallas County; Claude M. McCallum, Judge.

Garnishment proceedings by the Lummus Cotton Gin Sales Company against George E. Young, defendant, and the Liverpool & London & Globe Insurance Company, Limited, garnishee, in which the City National Bank of Lawton, Okl., was impleaded as a claimant of the funds garnished. From the judgment, the City National Bank of Lawton and the garnishee appeal. Reversed and rendered in part and in part affirmed.

Webster Atwell, of Dallas (J. M. Chambers, of Dallas, of counsel), for appellant City Nat. Bank of Lawton, Okl.

Thompson, Knight, Baker & Harris, of Dallas, for appellant Liverpool & London & Globe Ins. Co., Limited.

Smithdeal, Shook, Spence & Bowyer, of Dallas, for appellee.

BLAIR, J. On March 24, 1921, appellee, Lummus Cotton Gin Sales Company, sued George E. Young, of Lawton, Okl., on his two notes for $1,900 each, payable to appellee at Dallas, Tex., and on the same day filed its affidavit and bond for a writ of garnishment before judgment to issue to appellant Liverpool & London & Globe Insurance Company, Limited, a foreign corporation authorized to do business in Texas, alleging that garnishee was indebted to Young. The writ was legally served on March 29, 1921, at Dallas, Tex., and on May 17, 1921, garnishee answered that it was not indebted to George E. Young, of Lawton, Okl., unless by virtue of two insurance policies issued by it to V. L. Young on May 29, 1920, and September 15, 1920, respectively, each for $3,000, and covering certain gin property situated at Lawton, Okl.; that a fire destroyed the gin on January 7, 1921, and the loss had been adjusted with V. L. Young for $2,812.50 on each policy, or a total of $5,625, which under the terms of the policies and the adjustment was payable March 7, 1921; that the last policy issued contained a clause making the loss payable to appellant City National Bank of

---

⊛⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Lawton, Okl., as its interest might appear; that garnishee was about to issue its drafts for the insurance proceeds in favor of V. L. Young and appellant bank when the writ of garnishment was served upon it; and prayed that V. L. Young, George E. Young and appellant bank be interpleaded and required to show their respective interest in and to the insurance proceeds due under the adjustment.

On April 28, 1921, appellant City National Bank of Lawton, Okl., filed a suit in the district court of Comanche county, Okl., against Vinnie L. Young, wife of George E. Young, and G. E. Young, on their joint note to it, and to foreclose a mortgage lien on the gin destroyed by fire, and against garnishee herein, Liverpool & London & Globe Insurance Company, Limited, a foreign corporation authorized to do business in Oklahoma, to recover the insurance proceeds as assignee of the Youngs and by virtue of the loss payable clause in its favor contained in the second policy issued, and to recover against appellee, a Texas corporation located at Dallas, Tex., upon the allegation that it was claiming some interest in the insurance proceeds, but that its claim thereto was inferior to that of appellant bank. Appellant bank also caused a writ of garnishment to issue out of that suit to the garnishee herein, which was served at Lawton, Okl., May 3, 1921; and in answer to the writ garnishee set up the same facts with reference to the two policies of insurance issued to V. L. Young as were contained in its answer to the writ of garnishment theretofore filed in the Texas suit, and also pleaded that it had been served with the prior writ in the Texas case, and prayed that appellee gin company be interpleaded and required to assert its rights to said insurance proceeds in the Oklahoma suit. On May 21, 1921, appellant bank recovered judgment in its Oklahoma suit as prayed for, the judgment against appellee gin company being by default, and reciting that appellee had been duly served or summoned as required by the laws of Oklahoma in such cases, and that its claim to the insurance proceeds was inferior to that of appellant bank. The Youngs alone appealed from this judgment, and it appears to have been affirmed by the Supreme Court of Oklahoma in 1925. 109 Okl. 271, 235 P. 908.

Pending the appeal in that case, garnishee Liverpool & London & Globe Insurance Company, Limited, filed an interpleader suit in the United States District Court for the Western District of Oklahoma, against the Youngs, appellant bank, and the appellee, and deposited into the registry of that court the insurance proceeds. Apparently that cause is being held in abeyance pending a decision in this cause.

On May 1, 1922, appellee, Lummus Gin Company, recovered a default judgment in this suit against George E. Young on his notes for $4,814.67, with 10 per cent. interest from date of judgment, and for costs of suit.

After the interpleader suit was filed by garnishee in the United States Court proceedings were again resumed in the Texas court, wherein on June 4, 1923, appellant bank filed its answer to garnishee's interpleader suit, consisting of a demurrer, a general denial, and a plea that it had always claimed the insurance proceeds in question. Various pleadings and amended and supplemental pleadings were thereafter filed by garnishee, appellee, appellant bank, and the Youngs, which joined issues on the following questions:

(1) That the judgment of the Oklahoma state court settled and adjudicated the right of appellant bank to the insurance proceeds impounded by the garnishment proceedings herein as against all parties to this suit, and that said judgment should have been given full faith and credit by the trial court as a bar to any recovery by appellee.

(2) That Vinnie L. Young, George E. Young, and the Lawton Gin Company was one and the same person, and that, while appellee's judgment ran against George E. Young, the notes in suit represented an indebtedness of the Lawton Gin Company and Vinnie L. Young, being the balance due for certain gin machinery sold by appellee to Lawton Gin Company and placed in the gin before the fire, and which gin and machinery were covered by the insurance policies in question, and that appellee was the equitable assignee of insurance proceeds by virtue of the terms of the machinery sales contract requiring the Lawton Gin Company to take out insurance on the gin plant sufficient to cover the balance of the indebtedness due on the said machinery, with loss payable clause in favor of appellee, which the Lawton Gin Company failed to do.

(3) That Vinnie L. Young was the wife of George E. Young, and that they were partners trading under the name of Lawton Gin Company, with George E. Young in charge thereof as sole manager.

(4) That if George E. Young, Vinnie L. Young, and the Lawton Gin Company was not one and the same person, or partners as alleged, then appellant bank was estopped to deny the facts, because in handling the settlement papers with reference to the sale of the gin machinery by appellee to Lawton Gin Company, for which the notes in suit were executed by George E. Young alone in part payment, appellant bank acted as agent for appellee, and represented to appellee that such were the facts; and, further, that in handling the settlement papers as agent of appellee, appellant bank fraudulently conspired with the Youngs and induced and prevented them from taking out insurance on the Lawton Gin Company property with loss

payable clause in favor of appellee as the contract for the purchase of the machinery bound them to do, but instead appellant bank had the loss payable clause in one of the policies made payable to itself to secure itself for an indebtedness created by the Youngs on the same day it caused George E. Young alone to sign the settlement papers to appellee creating the indebtedness herein sued upon; and that because of these matters appellant bank was and is now estopped to assert any assignment of the insurance proceeds to itself as being superior to the equitable assignment thereof to appellee.

(5) That the delivery of the gin machinery purchased under a contract signed by "Lawton Gin Company, by George E. Young," to George E. Young personally and taking his personal notes and his personal mortgage securing them on property which he did not own was plead in estoppel of appellant's right to claim the insurance proceeds in question, and further, as a basis for a cross-action for damages for conversion of the machinery filed herein by appellee against appellant, April 8, 1924, and by supplemental pleadings filed July 1, 1925. Appellee sought also by its cross-action to recover against appellant bank damages because of the bank's fraudulent acts in handling the settlement papers as above stated, and, further, because appellant bank made a false report to appellee concerning the financial responsibilities of George E. Young, which appellee alleged caused it to enter into the contract for the sale of the machinery to the Lawton Gin Company. On October 12, 1925, the date of the trial of this case, appellant bank filed its plea in abatement to the cross-action for damages due to misjoinder of that action for personal judgment for tort, fraud, and conversion with this garnishment proceeding, wherein appellant bank stood in the position of an interpleaded intervener, merely claiming the garnishment fund. The plea in abatement due to misjoinder was struck down by the court upon the grounds that it was without merit; that it came too late and not in due order of pleading; and that it had been waived by appellant by filing a general answer and by making "a general appearance in this case in April, 1923, and by various other appearances after the filing of its general answer in April, 1923."

The Youngs filed their answer herein on October 12, 1925, the effect of which was to admit the allegations and claims made by appellee to the garnishment fund, and prayed that appellee be awarded judgment for the insurance proceeds in question.

The jury found on special issues submitted that the appellant bank made a false report, intending to do so, of the financial standing of George E. Young, to appellee; that appellant bank by the manner in which it handled the settlement papers for the sale of the gin machinery represented to appellee that George

E. Young was the owner of the Lawton Gin Company and that George E. Young was owner of the lots on which the gin was situated and covered by the mortgage executed by George E. Young alone securing the notes in suit, which were also executed by George E. Young alone, and that appellant bank was responsible for the failure of the Lawton Gin Company to procure insurance in favor of appellee on the machinery sold by it to said Lawton Gin Company. These findings of the jury are sufficiently supported by the evidence, and, without detailing the evidence, appellee proved all the material allegations of his various pleadings filed herein and above set out in our statement of the pleadings. Specific findings of facts where necessary will hereinafter be made in connection with the question to which they relate.

Upon the evidence and the jury's findings of fact judgment was rendered for appellee, Lummus Cotton Gin Sales Company, against garnishee, Liverpool & London & Globe Insurance Company, Limited, for $5,625, which was the amount of the insurance proceeds and also the amount of appellee's judgment against George E. Young herein, plus interest, and costs. Judgment was also rendered against appellant bank and the Youngs decreeing a superior right or interest of appellee to the insurance proceeds impounded by the garnishment herein. A personal judgment for damages was rendered in favor of appellee against appellant bank for the amount of appellee's judgment against Young, which was also the amount of the insurance proceeds due under the adjustment, but which judgment provided that if garnishee paid the insurance proceeds to appellee such payment pro tanto paid the personal judgment rendered herein against appellant. The judgment also decreed that as between appellant and garnishee, garnishee would owe appellant bank nothing upon payment to appellee of the insurance proceeds in satisfaction of the judgment rendered in favor of appellee against garnishee herein. The judgment also decreed that appellee recover the proceeds of the insurance policies in question as against appellant, garnishee and the Youngs, and denied to any and all of them any claim to the insurance proceeds.

Both the appellant City National Bank of Lawton, Okl., and garnishee Liverpool & London & Globe Insurance Company, Limited, have appealed, and in the main set up the same questions or issues for our determination. We will follow substantially the order of the briefs in discussing the questions.

[1, 2] 1. It is not thought that appellant bank waived its plea in abatement due to misjoinder of causes of action, nor that it came too late, nor that it was not filed in due order of pleading, nor that it was without merit. The judgment recites that appellant made a personal appearance in April,

1923, and answered to the merits of the suit. That answer was necessarily to the merits of its claim to the garnishment fund, because the cross-action for damages had not been filed at that time. The judgment also recites that at various dates thereafter appellant appeared in the cause. This is not sustained by the record in so far as the cross-action is concerned. The record does not disclose that appellant bank was ever served with citation or notice of the filing of this cross-action, and, so far as is disclosed by the record, only discovered that it had been filed on the date the plea in abatement was filed and passed upon. The rule is well settled that where a defendant to a suit seeks by way of cross-action relief against the plaintiff independent of any claim made by plaintiff in his petition, he must cite or otherwise notify plaintiff thereof and plaintiff is not bound to take notice of such pleadings. Harris v. Schlinke, 95 Tex. 88, 65 S. W. 172; Cauble v. Cauble (Tex. Civ. App.) 283 S. W. 919, and cases there cited; Pryor v. Jolly, 91 Tex. 86, 40 S. W. 959. It is thought that in this case where appellant bank was merely impleaded by garnishee for the sole purpose of having it assert its claim to the garnishment fund, it would not be required to take notice of an independent suit for damages based upon fraud and filed by the plaintiff in garnishment against it; and the rule announced by the above authorities is by analogy applicable in principle. It is also thought that the court's finding the plea in abatement to be without merit is clearly erroneous. Our garnishment statutes as well as those of Oklahoma authorize a garnishee to interplead a third person known to be claiming some interest in the garnishment fund, and generally the rule in most jurisdictions is as stated in 28 C. J. 380, § 602:

"The ultimate issue upon intervention or interpleader of adverse claimants in garnishment is the ownership of the garnished property or credit. This issue is entirely between claimant and plaintiff, and generally it is the only issue which can be raised and determined, except that involved in the consideration whether claimant's rights, if established, will be prejudiced by subjection of the property or fund in question to plaintiff's claim against defendant." Kelly v. Gibbs, 84 Tex. 143, 19 S. W. 380, 563; King v. Porter, 113 Tex. 198, 252 S. W. 1022; Nelson v. Winters State Bank (Tex. Civ. App.) 138 S. W. 1082; Braddock v. Gambill (Tex. Civ. App.) 291 S. W. 306; Reinertsen v. Bennett (Tex. Civ. App.) 185 S. W. 1027; Fannin County Nat. Bank v. Gross (Tex. Civ. App.) 200 S. W. 187; Brown v. Cassidy (Tex. Civ. App.) 225 S. W. 833.

Appellee's contention in this connection that its cross-action was grounded upon the same transaction and concerned the same subject-matter involved in this suit is without merit. It is true that because of the tort, fraud, and conversion pleaded appellee's right to have the insurance made payable to it was lost, or because of the tort and fraud practiced as alleged it has been prejudiced; but the only manner in which appellee can plead these matters herein is by way of estoppel, as it has done, which, of course, has to do with the ultimate disposition of the garnishment fund. That is, appellee's equitable assignment of the fund is, because of the tort, fraud or conversion alleged and proved, superior to legal assignment thereof to appellant bank, and they are involved in the consideration of whether appellant bank's right or assignment as plead, if established, will prejudice appellee's right to ultimately subject the fund to its claim.

Or, as is further said in 28 C. J. 380, 381:

"As between plaintiff and claimant, plaintiff must stand upon his right as a garnishing creditor, the question of ownership being confined to ownership as between the claimant and defendant, as of the time as of which plaintiff's right as a garnishing creditor attached. In rebuttal of the claim he may avail himself of any defense thereto which would have been available to defendant as against the claimant, or he may set up an estoppel in his own favor, but he cannot interpose defenses upon the merits of defendant's claim against the garnishee. On the other hand the claimant is usually allowed to assert a broad variety of rights and titles, which may be equitable as well as legal in their character and the controversy will be determined upon equitable consideration."

In the cases cited above and in all cases cited by appellee, and in all cases reviewed by us, both the plaintiff in garnishment and the interpleaded party claimed by virtue of an asserted right against the common debtor, and in which cases it was proper to adjudicate which of the parties claimant had the superior right to the fund impounded; but in no case do we find where it has ever been held that either plaintiff in garnishment or the interpleaded party may sue each other by way of cross-action for personal damages, even though the cross-action asserted may in some way be connected with or grow out of the transaction relating to the garnishment fund. Garnishment proceedings are statutory and ancillary to the original suit out of which they issue. Kelly v. Gibbs, supra. And the only issue to be tried in a garnishment proceeding relates to the ultimate right to subject the fund to the claim of plaintiff in garnishment. If a third party intervenes, claiming the fund, the only issue is, Who is entitled to the fund in this special statutory proceeding? It is not a proceeding in which the plaintiff in garnishment and the impleaded intervener may settle all their personal differences.

[3] 2. The suit and judgment filed and rendered in the Oklahoma court subsequently to the issuance and service of the writ of garnishment herein is not res adjudicata or conclusive of the rights of the parties to this suit with reference to the garnishment

fund involved, nor did the trial court err in failing to give full faith and credit to that judgment as a bar to any recovery by appellee. There seems to be some contrariety of opinion as to whether the pendency of a prior garnishment proceeding in one state may be plead in abatement of a subsequent garnishment proceeding against same garnishee and fund in another state. 28 C. J. 270, 271, and notes and cases there cited. Our Supreme Court definitely settled the question in the case of Continental Ins. Co. v. Chase, 89 Tex. 212, 34 S. W. 93, as follows:

"This proceeding was commenced by a judgment creditor of E. E. Chase, the defendant in the application, to subject the sum alleged to be due upon the policy to the payment of his judgments. The writ of garnishment was served on the 27th day of July, 1893. The fourth paragraph of the answer of the garnishee, the applicant here, alleges as a reason why recovery should not be had against it, that two writs of garnishment had been issued and served upon it—one on the 7th day of August, 1893, in a court of New York, and the other on the 10th day of the same month in a court of Rhode Island. Under this state of facts, we are of the opinion that, since the writ in this case was served first, the district court of Tarrant county first acquired jurisdiction over the fund, and had the power, and that it was its duty to determine the right to it as between the parties to this suit. For that reason we think the demurrer to the fourth paragraph to the answer was properly sustained."

This rule was followed by the Court of Civil Appeals in M., K. & T. Ry. Co. v. Swartz, 53 Tex. Civ. App. 389, 115 S. W. 275. See, also, Burke v. Hance, 76 Tex. 76, 13 S. W. 163, 18 Am. St. Rep. 28.

In the case of Missouri, etc., Ry. Co. v. Housley, 46 Okl. 216, 148 P. 689, it is held that a pending garnishment proceeding is to be regarded as ground for the grant of a stay of proceedings until the determination of the garnishment proceedings. St. Louis & S. F. Ry. Co. v. Crews, 51 Okl. 144, 151 P. 879, Ann. Cas. 1918C, 823.

In the case of Oklahoma Tool & Supply Co. v. Drumright State Bank, 97 Okl. 165, 222 P. 975, the Oklahoma court held that as between the courts of that state, the final garnishment is entitled to priority. That the pendency of a prior suit will abate a subsequent suit is now definitely settled in Benson v. Fulmore (Tex. Com. App.) 269 S. W. 71; Cleveland v. Ward (Tex. Com. App.) 285 S. W. 1063.

In Dickerson v. Grocery Co. (Tex. Civ. App.) 147 S. W. 695, it is held that where a plaintiff garnished the proceeds of an insurance policy, a plea in abatement by assignee of the insured that he had brought an action against the insurance company for the insurance was properly overruled because of the priority of the garnishment proceedings.

As between federal and state courts the rule is well settled that where a state court by garnishment obtains control of a fund the state court having acquired jurisdiction over the subject-matter, no jurisdiction will be taken by the federal court. Wallace v. McConnell, 13 Pet. 136, 10 L. Ed. 95; Mattingly v. Boyd, 20 How. 128, 15 L. Ed. 847; Lowenstein v. Levy (C. C. A.) 212 F. 383; Connor v. Hanover Ins. Co. (C. C.) 28 F. 549; Mack v. Winslow (C. C. A.) 59 F. 316. The reason for the rule has been accepted by both state and federal courts as well as by the courts of England as being essential to prevent a collision in jurisdiction of courts, and to protect garnishee from having to pay the same debt twice, and, as said by Judge Henry in Burke v. Hance, supra:

"The rule is a useful one, too, to prevent confusion in jurisdictions and multiplicity of suits, and to preserve the substance, instead of the shadow and form only, of litigation to the court that first acquired jurisdiction."

Or, as is said by the Oklahoma Court in St. Louis & S. F. Ry. Co. v. Crews, supra:

"As, in such cases, the res is intangible and cannot be impounded in either state otherwise than by summons or like process, the garnishment process being a summons, the same is regarded as impounded in that state in which such process is first served or jurisdiction thereof first acquired; and, upon the principle of 'qui prior est tempore potior est jure,' the pendency in another state of a prior action by such principal defendant, as plaintiff, against such garnishee, as defendant, is a defense against such garnishment proceedings and should be interposed by such garnishee."

Appellant bank contends, however, that since it first obtained judgment the rule of priority of garnishment does not apply, and quotes the following cases apparently supporting that contention: Joseph & Bros. Co. v. Hoffman & McNeill, 173 Ala. 568, 56 So. 216, 38 L. R. A. (N. S.) 924, Ann. Cas. 1914A, 718; Memphis R. Co. v. Grayson, 81 Ala. 572, 7 So. 122, 16 Am. St. Rep. 69; Lancashire Ins. Co. v. Corbetts, 165 Ill. 592, 46 N. E. 631, 36 L. R. A. 640, 56 Am. St. Rep. 275. Each of these cases, however, furnishes an exception to the general rule above announced, because in each case the court issuing the last garnishment had forcibly seized the actual property or fund by process of law and had applied same in satisfaction of the judgment rendered; and in each instance the court undertook to find a way to protect the garnishee who had been deprived of the res itself by due process of law from having to pay the same debt twice. No such facts exist in this case. It is a legal fiction recognized by all courts that one purpose of the garnishment writ is to impound intangible as well as tangible property or fund and that whether the property or fund is actually seized or not, it is so considered upon the service of the writ, and is considered within the jurisdiction of the court from the time of the service of the writ. Neither of the

state courts here involved obtained jurisdiction of the tangible res, the insurance proceeds, because it had been deposited in the federal court, and if any credit or force is to be given to the legal fiction of impounding the intangible res by serving the writ of garnishment, then it can only be done by giving full jurisdiction to the court serving the first writ on the intangible res, which brings it within the jurisdiction of the court by mere service of the writ.

[4] 3. The fact that the insurance policies ran in the name of V. L. Young and that the judgment herein ran against George E. Young cannot be taken advantage of by appellee bank, because of the estoppel issues plead, proved, and found by the jury; and appellants' contention that the jury's findings thereon are not supported by any legal evidence is also overruled.

[5] 4. In addition to the above assignment asserted by the appellant bank, appellant garnishee also urges as fundamental error the failure of the court to submit to the jury any issues affecting garnishee's liability. The garnishee by its answer admitted liability, and the only issues involved were between interveners and plaintiff in garnishment, except in so far as the sufficiency of the judgment in the instant case is to affect a discharge of garnishee from further liability to the parties to the judgment for the insurance proceeds, which question has already been discussed. Where the garnishee answers that he owes defendant in the garnishment suit, and interpleads other parties who are alleged to be claiming the fund, and who appear and defend their respective interests in the fund, joining issues thereto with plaintiff in garnishment under order of the court, there is no issue of fact concerning garnishee's liability, the only issue being to whom garnishee shall pay the money; and therefore there is no issue to be submitted to the jury as to garnishee's liability. Ewing v. Foley, 115 Tex. 222, 280 S. W. 499, 44 A. L. R. 627; S. W. Lumber Co. v. Allison (Tex. Civ. App.) 261 S. W. 1085; Guerra v. Carcia (Tex. Civ. App.) 258 S. W. 531.

[6] 5. Fundamental error is also asserted by garnishee because of the trial court's failure to withhold further proceedings herein pending the adjudication of the rights of the several parties in garnishee's interpleader suit filed in the United States Court. The contention is without merit. That court is apparently withholding its action pending a final adjudication of this case, under the well-settled law herein announced that where a state court by garnishment acquires the legal jurisdiction over property or fund, the federal court will not interfere. It may be stated in this connection that the interpleader suit was filed under the interpleader statute enacted by Congress in 1917, 39 Stat. 929, as amended February 25, 1925 (43 Stat. 976 [U. S. Comp. St. §§ 991a–991c]); chapter 273, 44 Stat. 416. Without attempting to pass upon the provisions of these statutes, it seems, however, that they were enacted to apply to cases where courts of one state did not have personal jurisdiction over all the claimants to the impounded fund, and that the federal court might under such circumstances enjoin a state court from enforcing a judgment, the effect of which would be to make garnishee pay twice the same debt. The court here has personal jurisdiction of all claimants to the fund, and the federal court in which the interpleader suit has been filed has issued no order restraining this court from further proceeding with the cause.

Other questions urged either become immaterial under our decision herein, or they are wholly without merit and are overruled.

From what has been said we reverse the trial court's judgment awarding a personal judgment for damages for tort, fraud, and conversion in favor of appellee and against appellant bank, and here render judgment for appellant for dismissal of the cross-action asserted without prejudice; otherwise the judgment of the trial court is in all things affirmed.

Reversed and rendered in part, and in part affirmed.