## LUMMUS COTTON GIN SALES CO. v. CONNERLY et al.

### No. 3391.

Court of Civil Appeals of Texas. Amarillo.
June 25, 1930.

Rehearing Denied Sept. 10, 1930.

Smithdeal, Shook, Spence & Bowyer, of Dallas, for appellant.

R. M. Turpin, of Tulsa, Okl., and Tom Fletcher, of Houston, for appellee Connerly.

Webster Atwell, of Dallas, for appellee City Nat. Bank of Lawton.

RANDOLPH, J.

This case was originally set for submission March 28, 1930. On March 22, 1930, appellees filed motion to strike appellant's brief for reasons set out in said motion. On March 24, 1930, appellant filed its motion for permission to file its amended brief. Both of these motions were passed to be submitted with the case on its merits. On call on the original date set for submission, the case was heeled and again set for submission on the 18th of June, 1930. We therefore now act on said two motions. We grant the motion of appellant for permission to file its amended brief and overrule the motion to strike the original brief and to dismiss the appeal.

On the 12th of October, 1925, the Cotton Gin Sales Company obtained a judgment in the district court of Dallas county against the City National Bank of Lawton, Okl., for the sum of $5,625, with interest thereon from date and all costs of suit; recovery being had for a fund that was garnished, the defendant City National Bank being made a party defendant in the garnishment proceedings. On appeal to the Court of Civil Appeals at Dallas, that court reversed the judgment of the trial court and held that the appellee's cross-action should be and was dismissed without prejudice and that in all other re-

spects the judgment of the trial court should be affirmed. City Nat. Bank of Lawton, Okl., v. Lummus Cotton Gin Sales Co., 297 S. W. 563. That the appellee Lummus Cotton Gin Sales Company pay all costs.

This judgment was affirmed by the Supreme Court, that court holding that there was no error in the judgment of the Court of Civil Appeals and that said judgment of said Court of Civil Appeals should be affirmed. Liverpool & London & Globe Ins. Co. v. Lummus Cotton Gin Sales Co., 6 S.W.(2d) 728. The language of the Supreme Court in ordering the affirmance is as follows:

"It is further ordered that the plaintiffs in error, Liverpool & London & Globe Insurance Co., garnishee, and the City National Bank of Lawton, Oklahoma, and it sureties, Webster Atwell and J. E. Michalson, pay all costs in this behalf expended in this court and the Commission of Appeals and the defendant in error, Lummus Cotton Gin Sales Co. pay all costs incurred in the Court of Civil Appeals and this decision be certified to the District Court for observance."

On the 4th of March, 1929, the clerk of the Supreme Court received from the Lummus Cotton Gin Sales Company the sum of $463.-75 in full of the costs in the Court of Civil Appeals and in the Supreme Court. Immediately thereafter F. T. Connerly, clerk of the Supreme Court, was served with a writ of garnishment issued out of the 101st district court of Dallas county, Tex., upon an affidavit made by Lummus Cotton Gin Sales Company that the City National Bank of Lawton, Okl., was indebted to it in the sum of $360.28 on account of the aforesaid judgment in cause No. 38369–E, rendered on the 12th of October, 1925.

Connerly answered setting up the fact that he had received $463.75 from Lummus Cotton Gin Sales Company and saying that $406.90 thereof ($315 stenographer's fee and $91.90 transcript fee) belonged either to the district clerk of Dallas county or to the persons making payment of these amounts to the clerk and the stenographer, and that the City National Bank of Lawton, Okl., had become subrogated to the rights of the district clerk and the shorthand reporter, and that the sum of $406.90 then in his possession should be paid to the City National Bank of Lawton. He further pleaded that the money was in his hands in his official capacity and not in a private or individual capacity, and therefore was not subject to the writ of garnishment.

The City National Bank of Lawton, Okl., intervened and asserted that it had paid to the clerk of the Supreme Court all costs incurred, and that the sum of $406.90 in the hands of the clerk of the Supreme Court belonged to it, and that it was in custodia legis and not subject to garnishment, and prayed

for judgment therefor against the Lummus Cotton Gin Sales Company and the garnishee.

On the trial of the case the trial judge awarded the City National Bank of Lawton judgment for the money, together with judgment for costs and $75 attorney's fees.

The Lummus Cotton Gin Sales Company excepted to the judgment of the court and gave notice of appeal, and this last judgment of the district court of Dallas county is before us for review.

In its brief filed herein, the City National Bank of Lawton contends that the trial judge did not hold that the moneys in the hands of F. T. Connerly were in custodia legis and therefore not subject to garnishment, but, on the other hand, the judgment of the trial court specifically recited that the exceptions of the City National Bank of Lawton, Okl., were overruled and in those exceptions was the exception to the plea of custodia legis. That said trial court merely held that the City National Bank was entitled to recover $406.90, which amount was in the hands of the garnishee, on the theory that the appellant had no claim against this appellee because the judgment of the trial court upon which this garnishment was based, as far as this appeal was concerned, was reversed and rendered, and therefore this appellee was not liable for any of the costs of that proceeding.

Garnishee Connerly, clerk of the Supreme Court, has filed in this court a brief in which he recites the service of the writ of garnishment upon him and that he held in his hands certain moneys paid to him in the course of his duties as clerk of the Supreme Court of the State of Texas and these moneys are involved in this litigation. That he does not know, nor would he presume to say, to whom said moneys belong. He is merely a stakeholder pending the outcome of this litigation and the judicial determination by this court as to who is entitled to these moneys, and avers that he stands ready to pay such moneys to whomsoever this court finds is entitled to the same.

The evidence shown in the statement of facts nowhere shows any of the pleadings in the original garnishment, but only contains copies of the judgment rendered in cause No. 38369–E, Lummus Cotton Gin Sales Company v. Liverpool & London & Globe Insurance Company and City National Bank of Lawton, Okl.; certified copy of the judgment of the Court of Civil Appeals; order from the Commission of Appeals of Texas, Section B, on motion to retax costs, Motion No. 8144, No. 912—4985; certified copy of the bill of costs issued by the clerk of the Supreme Court of Texas on the 4th day of March, A. D. 1929; answer of the garnishee; certified copy of the judgment of the Supreme Court; together with an agreement of the parties, in words as follows:

"It is agreed by and between counsel for the plaintiff and the defendant that in cause No. 38369–E, styled Lummus Cotton Gin Sales Company vs. Liverpool & London & Globe Insurance Company, Garnishee, and the City National Bank of Lawton, Oklahoma, defendants; that the City National Bank of Lawton, Oklahoma, was made a party to that suit by the Liverpool & London & Globe Insurance Company, and that after said bank had answered that citation, the bank was sued on the cross-action by the Lummus Cotton Gin Sales Company; that the District Court, for the 101st Judicial District of Dallas County, Texas, entered a judgment in favor of the Lummus Cotton Gin Sales Company against the City National Bank of Lawton, Oklahoma, on that cross-action.

"That the City National Bank of Lawton, Oklahoma, perfected its appeal to the Court of Civil Appeals, and the Court of Civil Appeals reversed and rendered the judgment on the cross-action against the City National Bank which was rendered by the District Court and adjudged all costs against the Lummus Cotton Gin Sales Co.; that upon writ of error applied for to that Court by the Liverpool & London & Globe Insurance Company and the City National Bank of Lawton, Oklahoma, the Supreme Court affirmed the judgment of the Court of Civil Appeals; that the Lummus Cotton Gin Sales Company filed a motion in the Supreme Court to retax the costs, which the Supreme Court denied; that the City National Bank of Lawton, Oklahoma, sought to collect its costs for this appeal and called upon the Supreme Court to issue an execution; that the Clerk did issue an execution and the moneys called for by the execution $463.75, were paid to him under that execution. That the costs of the Trial Court, other than the $250.00 attorneys fee were $100.28. That the City National Bank of Lawton paid the costs of the transcript, $91.90, to the District Clerk, and of the statement of facts, $315.00, to the court reporter before taking out the transcript."

"Austin, Texas, May 23, 1928.
"Liverpool & London & Globe Insurance Co. et al., No. 4985 (From Dallas County, Third District)
"Lummus Cotton Gin Sales Company.

"This cause having been referred to the Commission of Appeals for their examination and report and said Commission having reported in a written opinion by Hon. Ocie Speer, Judge of Section 'B' that there was no error in the judgment of the Court of Civil Appeals, and recommending that said judgment be affirmed, and said report, together with the record in the cause having been duly considered and the judgment as recommended by the Commission of Appeals having

been approved by the Court, it is therefore ordered, adjudged and decreed that the judgment of the Court of Civil Appeals be affirmed, said judgment being as follows, to-wit:

" 'This cause came on to be heard on the transcript of the record and the same being inspected, because it is the opinion of the court that there was error in the judgment of the court below in awarding a personal judgment for damages for torts, fraud and conversion in favor of appellee and against the appellant bank; it is therefore considered, adjudged and decreed that the judgment of the Court below in this respect be reversed and that the appellee's cross-action asserted therefor be and it is hereby dismissed without prejudice; and that in all other respects the judgment of the Trial Court be affirmed; that the appellee Lummus Cotton Gin Sales Company pay all the costs in this behalf expended and this decision to be certified below for observance.

" 'It is further ordered that the plaintiffs in error Liverpool & London & Globe Insurance Company, garnishee, and the City National Bank of Lawton, Oklahoma, and its sureties, Webster Atwell and J. E. Michalson, pay all costs in this behalf expended in this court, and the Commission of Appeals and the defendant in error, Lummus Cotton Gin Sales Company, pay all costs incurred in the Court of Civil Appeals and this decision be certified to the District Court for observance.' "

It appears that the recovery in the original suit against the defendant City National Bank was based upon an allegation of fraud and fraudulent representations as alleged in the plaintiff's cross-action to have been made and committed by the said bank. On appeal to the Court of Civil Appeals at Austin, that court reversed the judgment of the trial court and dismissed the plaintiff's cross-action, thereby finally disposing of that portion of the judgment in favor of said bank. City National Bank v. Lummus Cotton Gin Sales Co. (Tex. Civ. App.) 297 S. W. 563. There being no judgment left as against the City National Bank, the assertion of a right to hold the costs in the hands of the clerk of the Supreme Court as against said bank, which had paid the costs to the officers in the trial court, was without foundation, and the trial court did not err in rendering judgment against the plaintiff, appellant in the case at bar.

While we are of the opinion that the money in the hands of the clerk of the Supreme Court was in custodia legis, we will not discuss that question, as we are also of the opinion that the question we have just above decided determines the correctness of the trial court's judgment.

We therefore affirm the judgment of the trial court.

HALL, C. J., not sitting.